## THOMPSON *vs.* MAWHINNEY & SMITH.

1. The declarations of a party in possession of property, explanatory of the contract under which he acquired it, do not constitute a part of the *res gestæ*, and are consequently inadmissible as evidence for him.

2. A contract with the owner by which the occupant agrees to cultivate and divide with him equally the products of his farm, creates between them a tenancy in common in the products—one of the essential attributes of which is unity of possession.

3. Mere authority given by one tenant in common to another to sell the joint property does not divest the former of the right to its possession, nor exempt it from levy and sale under execution against him.

Error to the Circuit Court of Sumter. Tried before the Hon. George Goldthwaite.

This was an action of trover instituted by the defendants against the plaintiff in error to recover the value of fourteen bales of cotton, which he as sheriff of Sumter had levied on and sold by virtue of an attachment against Samuel H. Weir, in favor of one Duke.   The plaintiffs below introduced evidence tending to show that in 1845 they and the said Weir entered into a contract by which it was agreed that said Weir should furnish land to be cultivated in corn and cotton by his two minor sons and the plaintiffs; that the plaintiffs should superintend and have the entire control and management of the farm; and that the cotton raised on it should be sold by the plaintiffs and the nett proceeds of it, together with the corn, should be equally divided between them and said Weir.   The evidence introduced by the plaintiffs further conduced to show that the said farm was cultivated in 1845 by them and the two sons of Weir; that the plaintiffs had the control and management of it; that the corn was equally divided between them and Weir; and that the cotton, of which twenty-seven bales were made, was after being ginned and packed and marked in the plaintiffs' names, hauled by them to the river, where fourteen of the bales were levied on by the defendant.   The plaintiffs offered to prove declarations made by one of them in February 1845, and also in October of the same year, whilst they were in possession under Weir of the land on which the crop of cotton was made, that the crop of cotton was to be theirs, and that said Weir was not to hold or control the same, but was to receive one half of its proceeds when sold, to which the defendant objected, but his objection was overruled by the court and the declarations allowed to go to the jury as explanatory of the character of the plaintiffs' possession.   The defendant introduced evidence conducing to show that by the contract between the plaintiffs and Weir the latter was to have one half of the cotton as well as the corn, and the question presented was, whether Weir had such an interest in the cotton as was subject to levy and sale.   The court charged the jury that if they believed from the evidence that Weir was to have one half the proceeds of the sale of the cotton, and not one half the cotton, he did not have such an interest in the cotton as could be levied on and they must find for the plaintiffs the full value of the fourteen bales, with interest from

the time of the demand. To the ruling and charge of the court the defendant excepted and now assigns them as error.

ORMOND, REAVIS and PRYOR, for the plaintiff in error: ·

1. The declarations of a party in possession are only admissible to explain the character of the possession, not to prove the contract by which he acquired and retained possession.—McBride v. Thompson, 8 Ala. 653 ; Abney v. Kingsland, 10 ib. 355 ; Weaver v. Yeatmans, 15 ib. 542; Waring v. Warren, 1 Johns. Rep. 340. Declarations of parties subsequent to an alleged contract and in reference to it, are inadmissible.—Mitchell v. Roulstone, 2 Hall's Rep. 351, cited in 2 Phil. Ev. by Cow. & Hill.

2. The contract made the parties tenants in common in the corn and cotton. · The test of a tenancy in common is a provision for the division of the property in *whatever form* the provision may be made. If there be such provision a tenancy in common arises.—Putnam v. Wise, 1 Hill, N. Y. 234-247; Hare v. Clay, Cro. Eliz. 143; Foote v. Colvin, 3 Johns. 216-221; Bradish v. Schenck, 8 Johns. 151-2; De Mott v. Hagerman, 8 Cow. 220; Caswell v. Destritch, 15 Wend. 379; Beaumont v. Crane, 14 Mass. 400. The agreement that defendants in error should conduct the plantation business did not affect the legal relations which the agreement to work the land for the common benefit of the parties created. That relation was a tenancy in common. Suppose partners were to agree that one of the partners only should conduct the business, this would not change the relation which the agreement to divide the profits and losses would create. Such agreement would make a partnership, and the mode in which the partners might agree to conduct the business would not destroy the partnership as between the parties, or as to third persons.

The charge of the court was clearly erroneous in leaving the jury to infer from the facts proved that Weir had not a legal interest in the cotton. If the facts had all been admitted, the court would have been bound to decide that the defendants and Weir were tenants in common. The court in fact submitted a legal question to the jury. The tendency, and the *only tendency* of the evidence was to prove a tenancy in common, and yet the jury were permitted to say that although there was a tenancy in

common, yet Weir was not entitled to a part of the cotton, but to a part of the proceeds, &c. A tenancy in common existing, the jury were left to decide whether or not one of the tenants in common was entitled to any part of the common property. The charge was therefore erroneous, first because it is founded upon an erroneous view of the law, and next because it submitted a legal question to the decision of the jury.

R. H. SMITH, for the defendants:

1. The declarations of the defendant in error, made in October, it is admitted, were made while in possession of the crop, and are admissible under the cases of Webster v. Smith, 10 Ala. 429; Bliss v. Winston, 1 ib. 344; Oden v. Stubblefield, 4 ib. 40. There is no difference between stating one's possession as under hire and stating such facts as amount to the same. This case does not fall within such cases as exclude those declarations which go to the *bona fides* of *the title.*

2. The agreement to pay one half of the nett proceeds of the cotton does not constitute a tenancy in common. Admitting that Putnam v. Wise, 1 Hill's Rep. 234, does not go too far in establishing a tenancy in common, it fully sustains the charge given. The court say, (p. 247,) " the true test seems to lie in the question whether there be any provision, in whatever form, for dividing the specific products of the premises." But Putnam v. Wise goes too far in establishing a tenancy in common, and is at variance, (as it admits,) with many authorities cited in it. Unity of possession is necessary to create a tenancy in common.—3 Gill & J. 298-9. The cases of Spear v. Walkley, 10 Ala. 328; Fellows, Wadsworth &Co. v. Tann, 9 ib. 999, settle the principle in this case and show that there is no such *title to the cotton* in Smith as gave his creditor a right to levy at law. There is a marked and substantial difference between a man being authorised to sell cotton, deduct expenses of raising it and account for half nett pounds, and being compelled to divide the cotton itself and to stand personally responsible for all the expenses, and be put to his action against the other for contribution. Even if the construction be true that Mawhinney and Smith were only to deduct the expenses of sale, yet the same marked difference exists. One may be very willing to bestow his labor on condition that he shall have a right to sell the pro-

ducts and reserve his part without running the risk of being driven into chancery by a creditor of the landlord to separate his rights from the rights of the landlord, while he would be very unwilling to bestow that labor subject to a right in the landlord's creditor to seize the products and drive him into equity to get his share. It by no means follows, that because the cotton could be levied on by Weir's creditor, the creditors of M. & S. could not levy on it. The *latter* had a legal estate. Weir had not. Under one contract Weir's creditors must go into chancery; under the other M. & S. would be driven there, and this is an important difference.

DARGAN, C. J.—The first question presented for our consideration is, whether the declarations of one of the plaintiffs, in reference to the contract between them and Weir, should have been admitted as evidence? They were made after the contract had been completed, but whilst the plaintiffs were in possession of the land, and tended to show that the title and control of the cotton that should be raised was exclusively theirs; that Weir was not to hold or have any control over it, but was to receive one half the proceeds when it was sold. Where the declarations of a party are offered as evidence in his favor, in order to entitle them to be received, they must form a part of the *res gestæ*—that is, they must form a part of the act done or be so connected with it as to be inseparable from it, and being thus connected with the transaction itself, they become evidence explanatory of the act. But if the declarations are merely a narrative of a past occurrence, they cannot be received as evidence.—Greenl. Ev. §§ 109-10; Cox v. Easly et al. 11 Ala. 362; McBride & Wife v. Thompson, 8 ib. 650. It is true that the declarations of a party against his interest are evidence against him, and declarations or admissions made by one in possession of property descriptive or explanatory of such possession are usually admitted, but whilst it is permissible to prove the statements of one in possession as explanatory thereof, his declarations in regard to the contract by which he acquired possession cannot be received as evidence.—McBride & Wife v. Thompson, *supra*. Such declarations would not be merely explanatory of the possession, as that the party in possession was the agent or tenant of another, or that he only had a life

estate or other less interest, but would be a narrative of the contract, and being in no manner connected with the possession, would be inadmissible as evidence in favor of the party making them. This view shows that the court erred in admitting the declarations of one of the plaintiffs as evidence of the terms of the contract between them and Wier which had been some time before consummated and perfected.

The charge of the court complained of is predicated upon the following facts: In 1845 the plaintiffs entered into a contract with Weir by which it was agreed that they with two minor sons of Weir should cultivate his farm during that year in corn and cotton. The corn was to be equally divided between Weir and the plaintiffs, but the cotton was to be sold by them, and after paying the expenses the nett proceeds were to be equally divided between the plaintiffs and Weir. The corn had been gathered and divided, the cotton had been ginned and hauled to the river and was marked in the plaintiffs' names. The court charged the jury that if they believed that Weir was to receive one half of the proceeds of the cotton, and not one half of the cotton, that then he had not such an interest as was subject to levy and the plaintiffs were entitled to recover. We think it depends on the legal effect of the contract whether Weir had such an interest in the cotton as was the subject of levy and sale at law. If the contract could be construed as creating a tenancy between Weir and the plaintiffs, it would then be very clear that he had no title to the product raised upon the land, for it is of the very nature of a lease that the tenant shall have the possession of the land and the title to the profits or products grown upon it. What the nature of this contract is and what rights the parties took under it to the product raised on the land is best solved by a reference to the authorities. In the case of Putnam v. Wise, 1 Hill, 234, the facts were that the owners of a farm agreed with two persons by contract under seal, that the latter should occupy and work it for a year, the occupiers agreeing to yield and pay the owners one half of the grain grown upon it; the court held that until there was a division of the product the parties were tenants in common of it. In Bradish v. Schenck, 8 Johns. 118, Curtiss took the land of the plaintiff to work it one year on shares and planted it in corn. The hogs of the defendant broke into the enclosure and

did damage to the corn, for which Schenck, the owner of the land, brought trespass. The court held that the contract did not constitute a lease and therefore the suit was properly brought in the name of Schenck alone for the trespass done to the freehold, although the contract made the owner and Curtiss tenants in common of the corn. In the case of Mavevick v. Lewis, 3 McCord 211, it was said that where the agreement was to take charge of a farm and work it on shares, the relation of landlord and tenant was not created. In Walker v. Fitts, 24 Pick. 191, it was held that where one agreed with another to cultivate his farm for one season and to pay him one half of the crop, a tenancy in common is created between the parties as to the product of the farm, until it is divided. These authorities sufficiently show that the plaintiffs and Weir were tenants in common of the corn and also of the cotton, unless by the contract the legal title to the cotton vested exclusively in the plaintiffs. Tenants in common are such as hold by several distinct titles, but by unity of possession, because none knoweth his own severalty, therefore they all occupy promiscuously.—2 Black. Com. 191 : And this tenancy exists where there is a unity of possession merely. In the case of Blessney v. Howe, 3 Gill & J., the court said that it was an essential attribute of a tenancy in common that there should be a unity of possession. Unity of possession therefore is the very essence of a tenancy in common, and without it this tenancy cannot exist. It is true that the possession of one tenant is the possession of all, because all are entitled to the possession, but if from any contract or agreement one tenant shall part with his entire right of possession, we do not see how he can continue a tenant in common. To be a tenant in common or a joint tenant, one must have such a title as will authorise him to take and hold possession, and if he can never be entitled to the possession nor to the control of the chattel, we are unable to percieve what legal title he can have. Indeed the right to the possession and enjoyment of property constitutes our *title to it at law*, and when we are so situated in reference to it that we can never legally claim possession, our legal title is gone. If then the terms of the contract were such as to exclude Weir altogether from the possession of the cotton—if consistently with the contract he could never be entitled to the possession, he cannot be a tenant in common, for possession

or the right to possess is an *indispensable requisite of such a* tenancy. But if the terms of the contract were not such as to exclude him altogether from the possession; for instance, if the plaintiffs only had the authority to sell the cotton but not the exclusive right of possession, the bare authority to sell would not exclude the right of possession in Weir, and consequently he would still be a tenant in common and his interest liable to levy and sale. These, we think, are the principles that must govern this case on a future trial, and we do not deem it necessary to enter into a particular examination of the charge, as the case must be reversed for the error we have before noticed. It may, however, be observed, that the charge was not the most appropriate that could have been given in reference to the legal evidence before the jury. Excluding the portion that was illegal, but which the Circuit Court admitted, and applying the charge to the legal evidence alone, it was calculated to mislead the jury.

Let the judgment be reversed and the cause remanded.