## PERMINTER *vs.* KELLY.

1. If one tenant in common of a chattel sell the entire property, it is a conversion, for which trover may be maintained by his co-tenant.

2. An agent, either with or without notice, is liable in trover for an act, which, if done by his principal, would amount to a conversion of the property of another.

3. A bill of exceptions is to be construed most strongly against the party excepting.

ERROR to the Circuit Court of Dallas. Tried before the Hon. Geo. Goldthwaite.

TROVER by the defendant against the plaintiff in error for the conversion of several slaves. It appears from the bill of exceptions that the slaves belonged jointly to the plaintiff and his brothers, Alfred and John Kelly, and that the defendant obtained possession of them as the agent of Alfred Kelly, one of the joint owners, and as such agent sold them. The court refused to charge the jury that the plaintiff, *suing alone*, could not maintain the action, as requested by the defendant, but instructed the jury that the reverse was the law. The defendant further asked the court to charge "that the action could not be maintained against the defendant, being the agent of Alfred Kelly, one of the tenants in common of the property," which charge the court gave with the qualification "that the action could be maintained, if the defendant had sold the property sued

for." To the refusal of the first, and the qualification given to the second charge asked, the defendant excepted and now assigns them as error.

GAYLE, for the plaintiff in error:

1. Plaintiff below was a mere tenant in common, and, if he had a right to sue, he could not sue for the whole property, as the counts in the declaration show he did. To support trover the plaintiff must show title in himself.—See Saun. on Pl. & Ev., 2 vol. 869.

2. If he had a right to sue as he did, he had no right to a judgment for the entire value of the slaves.—See the judgment entry.

3. The defendant below acted as the agent of one tenant in common. Consider him as that tenant himself, and then the action cannot be maintained. One tenant in common in a chattel cannot sue a co-tenant, unless the chattel has been destroyed. See Leonard v. Scarborough, 2 Kelly, 73; Hall v. Page, 4 Geo. R. 428; Cole v. Terry, 2 Dev. & B., 252; 2 Johns. R. 468; 3 ib. 175; Heath v. Hubbard, 4 East. 110; Guyther v. Pettijohn, 6 Ired. 388; Mordereau v. Norton, 15 Johns. 179.

4. Defendant below, being the agent of a tenant in common to sell for him, in selling was guilty of no conversion to his own use—the agent's use. This conversion must be proven, or the action cannot be maintained.—See 2 Saun. Pl. & Ev., 869.

5. There is nothing to show that the agent knew of the tenancy in common. He is like an auctioneer selling stolen property without a knowledge. Would he be liable?

6. Had not the tenant in common a right to sell his interest and deliver possession, by himself or agent? He surely had, and the purchaser from the agent becomes a tenant in common with the plaintiff below, and no action lies. His remedy is to apply to the proper tribunal for a partition.

STONE & JUDGE, for the defendant:

1. It is admitted that some old authorities go to the extent that one tenant in common cannot maintain the action of trover against his co-tenant, unless the latter destroy the chattel. That doctrine has been long, and very sensibly exploded, and it is now held that if the chattel be sold or disposed of, the co-tenant may maintain trover.—1 Chit. Pl., 90-91-178-9; Hyde v. Sto-

rer, 9 Cow. 230; 3 Johns. 175; 15 ib. 181; Farr v. Smith, 9 Wend. 338; White v. Osbourn, 21 ib. 72; 21 Pick. 559; Rains v. McNairy, 4 Humph. 356, and the numerous authorities cited on Ewing's brief, and in the opinion of Green, J.

2. One who, as agent, intermeddles with the goods of another, will be guilty of conversion, if the same acts would be a conversion in his principal. In other words, his principal can confer on him no powers which he could not himself exercise. Lee v. Matthews, 10 Ala. 682; Prince v. Puckett, 12 ib. 832; Doty v. Hawkins, 6 N. Hamp. 247.

PARSONS, J.—It is clear that one joint tenant, tenant in common, or parcener, cannot maintain trover against his companion for a thing still in possession; for the possession of one is the possession of both. It is, however, fully settled, that if one tenant in common destroy the thing in common, the other may bring trover.—Fennings v. Lord Grenville, 1 Taunt. 241; Heath v. Hubbard, 4 East. 110. And a late English author observes, that "a sale of the whole of the property by one of them, adversely, and in exclusion of the other, would, it seems, be a conversion of the other's share, for which he might maintain trover."—1 Archb. N. P., 454; Barton v. Williams, 5 Barn. & A., 395. This renders the law far more adapted to the rights and the wrongs of the respective parties, than it was in former times. He who sells his co-tenant's share of the property to a stranger who will hold against him, has violated the relation he bore and injured his companion as much, perhaps, as if he had destroyed the property. Why then should he not have a legal remedy against the wrong-doer, instead of requiring him to look to the purchaser for his interest in the property, and he to the wrong-doer? To sustain the general proposition that when one joint owner of a chattel sells the entire chattel, it is a conversion, for which trover lies, there are various American cases cited on the brief of the counsel for the defendant in error, and cited in those cases, and we entirely concur with them.

2. In this case the defendant below made the sale as the agent of one of the co-tenants, but the inference from the bill of exceptions is, that he sold the entire property and also delivered the possession, as the contrary is not stated. He must stand on the same ground with his principal. The sale was equally a

wrong by both. In Tennessee it was held that one joint owner of property might recover against the sheriff, who sold the entire chattel under an execution against the other joint owner.— Rains v. McNairy, 4 Humph. R. 356. The sheriff in that case had notice. That the sale by the defendant below was such an assumption of authority over another's property, as to amount to a conversion, there can be no doubt. If a party claim the property in the chattels as his own, or even assert the right of another over them, it is evidence of a conversion—and where a person's property is sold by one, whether for his own use or the use of another, it is a conversion, for it is a tortious act, and the gist of the action.—Perkins v. Smith, 1 Wils. 328; Parker v. Godin, 2 Strange, 813. A servant may be charged in trover, though the conversion be done by him for the benefit of his master.—Stephens v. Elwall, 4 M. & S., 529. And where A. consigned the goods of B. to C., and C. without notice of the right of B. sold a part and kept the remainder in his possession, the sale was held to be a conversion.—Featherston- haugh v. Johnstone, 8 Taunt. 237; 2 Mod. 181 ; 2 Saun. on Pl. & Ev., 883. These authorities, and those on the brief of the counsel for the defendant in error, show conclusively that the defendant below was liable for selling the interest of the plaintiff in the slaves, whether he had or had not notice of the plaintiff's right. Neither negligence, nor any other fault whatever, was imputable to the plaintiff below. Consequently his right of property, or of action, is not to be taken away by the unauthorised act of another, whether done innocently or otherwise. Even lunatics are liable for trespasses and other tortious acts, by which another person is injured.

3. It is contended that the plaintiff below should not have recovered the entire value of the slaves, as he was only a part owner. The answer is, that we think he only recovered the value of his own interest; and, from the bill of exceptions, it is evident the court neither charged, nor was understood by the jury to charge, that he could recover for any share or interest but his own. The rule is, to construe bills of exception most strongly against the party excepting. It does not appear by this bill of exceptions, that the court charged that the plaintiff could recover for any share or interest in the slaves, but his own.

The judgment is affirmed.