## SMYTH *vs.* TANKERSLEY.

1. A contract, by which the owner of land lets it to another, and agrees to receive as compensation, a portion of the specific products, is a letting on shares, although the words usual in leases are used; and a tenancy in common in the products is created.

2. A sale of the entire property in a chattel, by one tenant in common, is a conversion, for which trover may be maintained by his co-tenant.

3. The sale, by an officer, of the entire property in goods owned by two jointly, under an execution against one of them, is an abuse of his legal authority, which renders him liable as a trespasser *ab initio*.

4. And if the wrong doer has sold the property, and received the money, the owner may waive the tort, and bring assumpsit for the money.

ERROR to the Circuit Court of Montgomery. .
Tried before the Hon. John D. Phelan.

This was an action of ASSUMPSIT, brought by the plaintiff in error against the defendant in error, under the following circumstances: The plaintiff had made a contract with one David Childers, and two other persons, by which he *rented* to them certain lands, and was to receive one-fourth of all the products, after deducting all expenses for bagging, rope, and hauling the cotton, for the rent. A portion of the cotton made on the land was brought to the city of Montgomery, for sale, and while there was levied on and sold by the defendant in error, as a constable, under executions in his hands against the said Childers. The sale was made after notice that one-fourth of the cotton belonged to the plaintiff in error, and the whole was sold as the property of said Childers. The court charged, that the plaintiff could not sue alone, join the other parties in interest with him: to fendant excepted, and now assigns the same for error in this court.

WATTS, JUDGE, & JACKSON, for plaintiff in error.

1. The *sale*, by a constable or sheriff, of the entire interest in property belonging to several joint tenants, under cution against one of them, works a *severance* of the interests, and entitles the others, either jointly or separately, to maintain an action against the officer. Parminter v. Kelly, 18 Ala. Rep. 716, and authorities there cited; . Waddell v. Cook, 2 Hill (N. Y.) 49, and Rains v. McNairy, 4 Humph. R. 356; and if the officer has received the *money*, the tort may be waived, and assumpsit maintained. Boyd v. Crown, 17 Ala. Rep. 51.

2. The parties, Smith and Childers, were joint tenants in the *cotton* sold. Putnam v. Wise, 1 Hill (N. Y.), 234, and the authorities there cited, which overrules the authorities cited by defendant's counsel, from N. Y.

3. The case of Parminter v. Kelly, 18 Ala. Rep. 716, is directly in point, to show that the suit may be maintained in the name of *one* of the tenants in common, *alone.* In the state of the facts of that case, it will be seen, that the court refused to charge (as requested by the defendant), that the plaintiff, *suing alone, could not maintain the action*, and this refusal to charge was assigned as error; and this court decided that there was *no error* in the refusal so to charge.

ELMORE & YANCEY, *contra.*

1. The charge of the court, assigned as error, is correct, in the conclusion that the plaintiff could not recover, even if it be granted, that an erroneous reason is given by the court.

The parties were not tenants in common, or joint owners of the crop.

A distinction is drawn, in the books, between a letting of premises on shares, and a renting of land, with a reservation for the payment of rent in produce. Caswell v. Districh, 15 Wendell, 379 ; Stewart v. Doughty, 9 Johns. 107.

The letting of land on shares creates a tenancy in common in the crop raised ; but the renting of land, with an agreement that the rent be paid by a certain proportion of the produce, creates a lease ; and the title to the entire crop is in the tenant, until a division takes place, and the rent is set apart for the landlord. See same authorities ; Putnam v. Wise, 1 Hill, (N. Y.) 243.

But this case has been decided, in principle, upon a similar state of facts. In the case of Dulany v. Dickerson, the landlord was to receive a part of the crop as rent; the tenant sold the crop to B. The landlord sued B. in assumpsit. The court decide, that neither trespass nor assumpsit can be maintained, because he had neither the actual possession nor general or special property in the crop. See Dulany. v Dickerson, 12 Ala. Rep. 603.

If a tenancy was created by the agreement between Smith and Childers, then the title to all products raised on the land was in Childers, and of course the landlord cannot maintain assumpsit. See Thompson v. Mahawny, *et al.* 17 Ala. Rep. 367.

The case of Parminter v. Kelly, 18 Ala. Rep. cited by the

plaintiff in error, is not applicable to this case, because it proceeds on the assumption, that the parties were tenants in common. That is denied to be the case here.

GOLDTHWAITE, J.—The position taken by the counsel for the defendant in error, in this court, renders it necessary to determine the legal effect of the contract between the plaintiff in error and Childers. The terms of this contract are thus stated in the bill of exceptions: "that Smyth rented to the said Childers certain lands, on the following terms, to wit; that said Smyth was to have one-fourth of all the products of said lands, rented as aforesaid, after deducting all expenses for bagging, rope, and hauling the cotton, which was to be in payment and satisfaction of the rent." If this contract was a *lease*, then the whole product of the land rented belonged to the lessee, until the share of the lessor had been separated and delivered. Stewart v. Doughty, 9 John. 108; Thompson v. Mawhinny and Smith, 17 Ala. Rep. 362; while, on the contrary, if it was only a letting of the land *on shares*, then the parties to the agreement were tenants in common of the products to be grown and divided between them. Hare v. Celey, Cro. Eliz. 143; Foote v. Colvin, 3 John. 216; Bradish v. Schenck, 8 ib. 117; De Mott v. Hagarman, 8 Cow. 220; Caswell v. Districh, 15 Wend. 379; Putnam v. Wise, 1 Hill, (N. Y.) 234; Bishop v. Doty, 1 Verm. 37; Chandler v. Thurston, 10 Pick. 205; Walker v. Fitts, 24 Pick. 191; Maverick v. Lewis and Gibbs, 3 McCall, 211.

In the case of Thompson v. Mawhinney and Smith, *supra*, it was decided by this court, that a contract made with the owner of land, which the other party agreed to cultivate, and to divide the products equally with him, was not, technically speaking, a lease, but that a tenancy in common was created in the products. In the contract under consideration, the mode of compensation adopted repels the conclusion, that it could have been the intention of the parties, that the land should not be cultivated, and thus assimilates its terms more closely to the contract in the case last cited. It is true, the phraseology adopted is that which is usual in leases, but the substance of the agreement is to be regarded, rather than the words, Putnam v. Wise, *supra;* and in contracts of this

description, the true test seems to be, that wherever provision is made for dividing the *specific* products of the land, a tenancy in common results. Putnam v. Wise, *supra*, and authorities there cited.

The case of Dulany v. Dickerson, 12 Ala. Rep. 601, to which we have been referred by the counsel for the defendant in error, is not in opposition to these views. The relation of landlord and tenant may exist, notwithstanding the former is, by the terms of the contract, to receive a portion of the crop in payment. If the tenant take an interest in the soil, *it* is a lease, by whatever words made, and the payment of a specific portion of the crop is then simply a payment of the rent in kind. In the case referred to, the contract is not set out, and the landlord had sued and obtained a judgment against the tenant for the rent. It was treated by all the parties as a lease, and no question was raised upon that point. The judge, the terms of the contract not being before the court, treated it, as the parties had done, as a question involving the relation of landlord and tenant only. It results from these views, that the plaintiff in error, with the other parties to the contract, were owners in common of the cotton.

The charge of the court, that the plaintiff below could not recover, without joining the other owners as plaintiffs, was erroneous. The case of Parminter v. Kelly, 18 Ala. Rep. 716, decides, that if a tenant in common of a chattel sell the entire property, it is a conversion, for which trover may be maintained by his co-tenant; and the law is now well settled, that the sale by an officer, of the entire property, in goods owned by two jointly, on an execution against one of them, is an abuse of his legal authority, which renders him liable as a trespasser *ab initio*, Waddell v. Cook, 2 Hill, 49, note (a), and cases there cited; and if the wrong doer *has sold it*, *and received the money*, the owner may waive the tort, and bring assumpsit for the money. Upchurch v. Nosworthy, 15 Ala. Rep. 705; Crow v. Boyd's Adm'r, 17 Ala. Rep. 51.

The judgment is reversed, and the cause remanded.