## WILLIAMS vs. NOLEN.

[TROVER FOR CONVERSION OF BALES OF COTTON.]

1. *Tenancy in common created by letting on shares.*—A contract, by which the owner of land lets it to another for cultivation, and agrees to receive as compensation a portion of the specific products, creates a tenancy in common between them in such products.

2. *When action lies not between tenants in common.*—One tenant in common cannot maintain an action of trover against his co-tenant, without proof that the common property has been destroyed, sold, or otherwise disposed of by the defendant.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. C. W. RAPIER.

THE transcript in this case is very defective, containing only the judgment, bill of exceptions, and appeal bond. The action was brought by Daniel Nolen, against William Williams, and it seems to have been either detinue for the recovery of certain bales of cotton, or trover for their conversion. It appeared in evidence on the trial, as the bill of exceptions shows, that the cotton was raised by one William Wright, in the year 1854, on land which he had rented from the defendant, Williams; and that the stipulation of the contract between them was, "that said Williams was to have for the rent of said land one-fourth of the cotton made on it." The plaintiff claimed the cotton under a mortgage, dated the 18th May, 1854, by which said Wright conveyed all his growing crop, "consisting of corn, fodder and cotton," to secure the payment of certain promissory notes, amounting in the aggregate to about $130, then due and owing from him to plaintiff. The plaintiff offered this mortgage in evidence on the trial, and the court admitted it, against the defendant's objection. Several exceptions were reserved by the defendant to the rulings of the court in reference to the proof of its acknowledgment and registration, none of which, however, require any particular notice. "The

plaintiff proved, that he demanded said cotton of defendant before the commencement of this suit, and offered to pay him whatever said Wright owed him; that defendant refused to deliver the same, or any part thereof; that said cotton consisted of five bales, weighing five hundred pounds each, and was worth seven cents per pound at the time of said demand; also, that when defendant commenced reducing said cotton to his possession, said Wright objected to his taking the same, and notified plaintiff to assert his right as mortgagee; that notwithstanding such objection, and against plaintiff's consent, defendant took the whole of said cotton, ginned and packed it, and hauled it to market, and it was in his possession at the time of said demand. There was no proof that defendant had directly refused to account with said Wright in respect to said cotton; but, on the contrary, it was shown that he had told Wright that he would come to a settlement with him, and that there were unsettled matters of account between him and Wright, leaving it doubtful which would be indebted to the other on settlement. It was admitted, that the cotton sued for was sufficient to pay the defendant's entire claim for rent, and also the unpaid balance of the plaintiff's debt, which amounted to about $70. This being all the evidence in the cause, the court charged the jury, that if they believed the evidence, they must find for the plaintiff, to the extent of the unpaid balance of his debt." This charge, to which the defendant excepted, is now assigned as error, together with all the other rulings of the court to which he reserved exceptions.

JAS. L. PUGH, for appellant.

E. C. BULLOCK, *contra*.

STONE, J.—In Smyth v. Tankersley, 20 Ala. 212, it was held, that a contract, by which the owner of land lets it to another, and agrees to receive as compensation a portion of the specific products, is a letting on shares, and creates a tenancy in common in such products. The contract between Williams and Wright, as disclosed by

the evidence, brings this case precisely within the prin_ciple above stated, and constitutes Williams one of the tenants in common, in the right to the cotton in controversy.

[2.] There being no pleadings in this record, we are left in doubt as to the form of the action. Trover is the action most favorable to the accomplishment of the plaintiff's wishes. We may concede, for the purposes of this appeal, that the action was trover, and still the judgment must be reversed. The bill of exceptions purports to set out all the evidence. It is nowhere shown that the cotton had been destroyed, sold, or otherwise disposed of. For aught that we can know, the cotton was in the possession of Williams when this suit was brought. He had an equal right with his co-tenant to the possession, and the possession of one was the possession of both. This precise question was considered, and so ruled, in the case of Perminter v. Kelly, 18 Ala. 716.

The ruling of the circuit court was in conflict with these views.

Reversed and remanded.