# King *v.* Martin.

### *Action for Money had and Received.*

67 177
f127 288

67 177
138 98

1. *Record; proof of.*—A record is proved by the mere production and inspection of the original, or of an exemplified or authenticated copy.

2. *Same; correction of.*—Parol evidence is not admissible to correct, or explain clerical errors in judicial proceedings, but if an inspection of the entire record clearly discloses their nature and extent, the record corrects itself, and the court will construe it as corrected.

3. *Same; record in this case corrects itself.*—Where a will is set out in a record, and is described as dated Nov. 18, 1873, and subsequently in the judgment of the court, it is stated that it was executed in 1875, the record also showing that the testator died prior to 1875, it is a mere clerical error which the record itself corrects.

4. *Heir; rights of, under civil law of Louisiana to ancestor's property.*—Under the civil law of Louisiana, the rights of the heir to the rights and obligations of his ancestor are transmitted by succession, and *eo instanti* his death, the,

[King v. Martin.]

heir acquires the right to take possession of all the ancestor's estate, and the right of possession, which the deceased had, continues in the heir as if there had been no interruption, independent of the fact of possession.

5. *Same ; interest in estate governed by domicil of intestate.*—The domicil of the intestate being in Louisiana at the time of his death, and the property in controversy situated there, the nature and quantum of the interest of an heir is governed by the law of Louisiana, and the principle is not changed, although the courts of Alabama afterwards acquired jurisdiction to appoint an administrator, because the intestate died in this State, and assets were subsequently brought into Alabama.

6. *Same; when may maintain assumpsit to recover distributive share.*—Where M., a resident of Louisiana, died in Alabama leaving a will, by which he gave all his property to J. and A., (who were also heirs), and pending proceedings in the courts of Louisiana by M., another heir, to annul the will, the executor therein, brought the property to Alabama and delivered it to J. and A., the Supreme Court of Louisiana subsequently declaring the will void, *Held* : 1. That, under the laws of Louisiana, the interests of A. and J. and M. were in the nature of a tenancy in common ; 2 That M. could recover her share of the estate of the intestate by an action of assumpsit, for money had and received, against J. and A. respectively.

7. *Separate estate of wife, when husband must join in suit for.*—The provision of the statute allowing the wife to sue alone, (Code, § 2892), when the suit relates to her separate estate, refers only to the estate created by the laws of Alabama, and not to those created by the laws of any other State ; and where the wife has an interest in the suit under the laws of such State, the husband is a proper party plaintiff.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

John Martin, a citizen of Louisiana, and domiciled there, died on July 21, 1875, at Bladen Springs, Alabama. He left no children, and his next of kin were his sisters, viz : Mrs. M. A. King, the appellant, and Mrs. Robinson, who resided in Ohio, and his neices, Almira and Josephine Martin, and a brother, who reside in Mobile, Alabama. The property of the deceased, which consisted altogether of "movables," was located and collected together in New Orleans. Before his death, he undertook to make a will, by the terms of which he gave all his property to his neices, Almira and Josephine, appellees in this case, as "universal legatees." This instrument was presented for probate by J. P. Vairien, the executor named therein, and on July 26, 1875, was admitted to probate by the District Court of New Orleans. At the suit of appellant, the will was set aside and declared void by the District Court, and this decision was affirmed by the Supreme Court of Louisiana. Pending the litigation as to the validity of the will, the executor, Vairien, collected the property of the estate, converted it into money, brought it to Mobile, and delivered it to the appellees. H. W. King, husband of appellant, was appointed by the District Court of New Orleans, the administrator of the estate of John Martin. In the petition filed by appellant to annul the will, she alleged that it was

[King v. Martin.]

made on the 18th of November, 1875, and the court entered a decree annulling the will, as made on the 18th of November, 1875. The will is set out in the record, and was stated to have been made on the 18th of November, 1873. Appellant brought an action of assumpsit, without joining her husband as plaintiff, for money had and received, against Almira Martin, and a similar action against Josephine Martin, to recover her distributive share of her brother's estate. The facts of the two cases were alike and they were submitted together to the court for decision. The defendants pleaded in abatement, that the plaintiff was a *feme covert*, and domiciled in Ohio, and that the cause of action did not arise under the laws of Alabama. Plaintiff replied to this plea, by setting out the laws of Ohio, and showing that the property in controversy was a part of her separate estate thereunder, and that she could sue alone to recover it. The defendants demurred to the replication : 1. Because the laws of Ohio do not govern the proceedings in the courts of Alabama; 2. Because the replication did not show that the plaintiff had any separate estate under the laws of Alabama. On the trial, the plaintiff introduced in evidence the civil Code of Louisiana, §§ 8'37, 882, 870, 889, 936, 908, and 8 La. An. 431; besides other sections of the Code, and decisions of the courts of Louisiana, not necessary to be set out here. The case was submitted to the court without a jury, and as there was no evidence for the defendants, no special finding was made, but the court rendered judgment generally for the defendants. The appellant excepted to the ruling of the court, that the plaintiff was not entitled to recover on the evidence and to the rendition of judgment for the defendants. The rendition of the judgment, and the ruling of the court, are assigned as error.

BOYLES, FAITH & CLOUD, for appellant.—The date of the will in the petition filed by appellant in the court at New Orleans, is a mere clerical error, as is shown by other recitals in the record. When the will was annulled the succession became open to the heirs as though no will had been made. Code, La. § 882. The property descended to the heirs and vested in them a title which was good everywhere.—Story's Con. Laws, 481, 482; 45 Ala. 410; 11 Martin, 713. The removal of the property to Alabama can not operate to divest a title given by the laws of Louisiana, and this title is respected by the courts of this State.—2 Ala. 631; 11 Wh. 361; 19 Ala. 590. The laws of Louisiana gave appellant a legal title to a share in the property of her deceased brother,

[King v. Martin.]

and the courts of Alabama will enforce her rights by an action for money had and received. Under the civil Code of Louisiana the property of a decedent descends equally. Succession is the right by which the heir can take possession of the estate of the ancestor; it is also the transmission of the rights and obligations of the deceased to his heirs, and it becomes open by the death of the ancestor.—Code La. §§ 867, 870, 928. The right to possession is continuous. Code, La. § 936; the heirs have all accepted the succession as evidenced by these suits; the property belongs to them equally, and they have each become an undivided proprietor of the effects of the succession.—Code, La. § 1214; 27 La. An. 503. The property vests immediately on the opening of the succession, in the heir, and being tenant in common, if one gets possession of it and denies the rights of the others, and converts it, an action of trover will lie or the co-tenant may waive the tort, and bring assumpsit for money had and received.—20 Ala. 212; 30 Ala. 341. The heirs may sue for the property independent of an administrator.—8 La. An. 431; 6 La. An. 403; 8 La. An. 228.; 2 La. An. 299; 2 La. An. 475; 15 La. An. 527.. These cases were introduced in evidence and this court will regard them as authoritative expositions of the law of Louisiana.—34 Ala. 565; 31 Ala. 9; Ib. 575. The form of remedies and the order of judicial proceedings are governed by the law of the place where the action is instituted.—Story on Con. Laws, 558.

STEWART & PILLANS, for appellees.—It was not the will of 1873, under which the appellees hold the property in controversy, which was annulled by the courts of Louisiana, but a will of 1875. This court does not assume the power to correct mistakes in, and to reform, the decrees of the courts of sister States.—33 Ala. 282; 15 B. Monroe, 364, 379; 24 Ga. 397. By the evidence of the record, appellees are rightfully in possession. But, even in case of intestacy, the appellant can not recover, for in Alabama no distributee can sue at law, (1 Stew. 536; 11 Ala. 614; 26 Ala. 456; 34 Ala. 581; 1 Ch. Pl. 101, (note A.); 1 Wms. on Ex'rs, 508-9), and plaintiff could only receive her share through an adminisrator. 29 Ala. 355. The heir, claiming as such, must accept before administration had, because the acceptances relates back to the death of the ancestor. Appellant's husband took out letters of administration in Louisiana, thus showing an acceptance with benefit of inventory, and in such cases administration is required and no part goes to the heir until the estate is administered on.—21 La. An. 364; 5 La. An. 645;

[King v. Martin.]

6 La. An. 212; 2 La. An. 303; Code La. §§ 1025, 1034. Until the heir accepts he has no title, (Code, La. § 999), and a married woman can only accept by the authority of her husband, given in writing.—Code, La. § 999. No such authorization was shown, and the suits do not show any acceptance because they were not brought in Louisiana, and no suit is shown to have been brought there which could have that effect. Appellees claim not as heirs but as supposed legatees. The mere existence of a title to a share in the effects of a decedent, does not give the owner a right to sue for them in Alabama.—59 Ala. 502; 9 Wall. 399; 2 Lomax on Ex'rs, 297. If appellant can sue at all, she must sue jointly with her husband. The suit concerns property in which she is interested, but which is not her separate estate.—*Gerald v. McKenzie*, 27 Ala. 166; *Friend v. Oliver*, 27 Ala. 532. Whatever the Ohio law be, it can have no operation here.—Rorer on Inter-State Law, 52-53; hence, if there was error in the finding of the court, it was without injury, as the plaintiff could not recover when suing alone.

SOMERVILLE, J.—A record is proved by its own mere *production* and *inspection*, without more, whether of the original or of a copy.—1 Greenl. Ev. § 501. And while parol evidence is not admissible to correct, amend or explain any clerical error which may have crept into judicial proceedings, as evidenced by an exemplified or authenticated transcript, if an inspection of the entire record clearly discloses the nature and extent of such error, the record may be said to correct itself, and the court will feel authorized to so construe it. The record of the proceedings of the District Court for the Parish of Orleans, and State of Louisiana, as introduced in this case, on petition of the appellant filed in that court to annul the probate of John Martin's will, and as affirmed on appeal to the Supreme Court of Louisiana, is of this character. The pleadings all clearly show the purpose of the suit. The will is set out *in haec verba*, and described as dated November 18, *1873.* The subsequent misdescription, in the judgment of the court, of the *year* in which the will was executed, stating it to be *1875*, instead of 1873, is a clerical error manifest on the face of the proceedings, and is rendered more plain and certain, if possible, by the established fact, apparent from the record, that the testator died prior to the year 1875.

We think the evidence competent to prove the annulment and vacation of Martin's will by a court of adequate jurisdiction in Louisiana.

Under the civil Code of Louisiana, as introduced in evidence, the rights and obligations of the deceased ancestor are, by *succession*, transmitted immediately to his heirs, and they acquire, *eo instanti*, a right to take possession of the estate, real, personal, or mixed, such as the case may be. §§ 867, 870. The heir is considered as seized of the succession from the moment of its being opened, and "the *right of possession*, which the deceased had, *continues* in the person of the heir, as if there had been no interruption, and independent of the fact of possession."—Art. 936. He is thus seized of the estate, and becomes entitled "to take possession of the estate, and dispose of it as he pleases, subject only to legal restraint by the creditors, and under the responsibility of paying the debts of the succession."—*McMaster v. Place,* 8 La. An. Rep. 431. It is thus obvious that the appellant and other lawful heirs of John Martin, the decedent, acquired by inheritance a community of interest, in the nature of a tenancy in common, in the estate of the deceased.

The nature and *quantum* of this interest is governed and determinable by the laws of Louisiana, the domicil of the intestate being in that State at the time of his death ; and the property in question being subject to that jurisdiction.—Story on Confl. Laws, §§ 481, 482, 558. This principle is not changed by the fact that the courts of Alabama afterwards acquired jurisdiction to appoint an administrator, by reason of the death of the decedent in this State, and the subsequent bringing of assets into this State, (Code 1876, § 2349). The rights of heirs, as vested by succession under the civil law, could not be thus divested, unless, perhaps, by administration granted for the payment of debts.

The proof of heirship being satisfactory, the action of *assumpsit* for money had and received was the proper remedy. This action, in its spirit and purposes, has been likened to a bill in equity, and is an exceedingly liberal action, and will always lie where a defendant has in his hands money which, *ex equo et bono*, he ought to refund to the plaintiff.—1 Greenl. Ev. § 102, 117. And as the action of *trover* will lie by one tenant in common against his co-tenant for the conversion of a chattel, so he can waive the *tort* and sue in assumpsit if he so elect.—*Perminter v. Kelly,* 18 Ala. 716 ; *Smyth v. Tankersley,* 20 Ala. 212 ; *Fanning v. Chadwick,* 15 Amer. Dee. 233.

The judgment of the Circuit Judge in this cause, which was rendered without a jury, under the provisions of sections 3029 and 3030 of the Code, is, we think, erroneous, and is hereby reversed, and the cause is remanded for further procedure.

[Williams v. The State.]

The complaint should, however, be amended in accorda nce with the objection taken by demurrer to plaintiff's replication filed to the defendant's plea in abatement. The *lex fori* governs as to all forms of remedies and modes of proceeding in legal actions.—Sto. Confl. L. § 556. Section 2892, (Code, '76), authorizing the wife to sue alone, where the suit relates to her "separate estate," has reference only to her separate estate created under the laws of Alabama, and not under those of Ohio, or any other foreign juri sdiction.—*Pickens v. Oliver,* 29 Ala. 529. The wife having an interest, as disclosed by the statute laws of Ohio introduced in evidence, and the property sued for not being her statutory separate estate, under the laws of this State, the husband is a proper party plaintiff, and should be joined with the wife.

Reversed and remanded.