# Moore *et al.* v. Walker.

*Action of Trover.*

1. *Trover; when one joint tenant cannot maintain against the other.*
   One joint tenant or tenant in common cannot maintain trover against his co-owner for a thing still in his possession, for the possession of one is the possession of both. It is only when one tenant in common has destroyed, sold or otherwise disposed of the thing in common, so as to exclude the right of the other, that the other may bring trover.

2. *Witness; when incompetent to testify to transactions with deceased person.*—The force of the statute, Code, § 1794, which renders incompetent to testify every person having a pecuniary interest in the result of the suit as to any transaction with or statement by a deceased person whose estate is interested in the result of the suit, cannot be avoided by bringing the suit against one who has no personal interest in the property, although he may have the temporary possession of it. Hence a plaintiff who sues one in possession for the conversion of a piano which she alleges was given to her by her deceased mother, is not a competent witness, it appearing that the husband of the mother and another daughter are under the statute, Code, § § 1915, 2353, successors in interest of the mother and the virtual defendants to the suit.

3. *Trover; what plaintiff must have to maintain.*—To maintain trover the plaintiff must have property in himself, and a right to the possession at the time of the conversion, and must recover on the strength of his own title.

APPEAL from Cherokee Circuit Court.

Tried before Hon. J. A. BILBRO.

Action of trover by Chessie Walker against S. D. Moore and wife for the alleged conversion by the defend-

ants of a piano. The defendants claimed no property in the piano, but were the bailees of W. J. McBee, who was the father of the plaintiff. The sole question considered by the court was whether or not the plaintiff was a competent witness in her own behalf. Plaintiff endeavored to establish her right of property in the piano by her own testimony that her mother, Mrs. McBee, gave her the piano. She stated that her mother bought the piano and on two occasions gave it to her. no one else being present. This evidence was admitted on the idea that the defendants were not in any way connected with Mrs. McBee or her estate. The plaintiff never had the actual possession of the piano. At her death Mrs. McBee left surviving her the said W. J. McBee, her husband, and their two children, the plaintiff and her sister, Pearl.

DANIEL & BRINDLEY, for appellant, contended that the plaintiff was incompetent to testify that her mother gave her the piano, because the estate of Mrs. McBee was interested in the result of the suit, citing, *Boykin v. Smith,* 65 Ala. 294; *Dismukes v. Tolson,* 67 Ala. 386; *Hodges v. Denny,* 86 Ala. 226; *Cockrell v. Mitchell,* 15 So. Rep. 41.

C. C. APPLETON, *contra.*
No brief came to reporter.

HARALSON, J.—If the plaintiff was incompetent to testify that her mother gave her the piano, and all her evidence which was admitted against the objections of defendants, as tending to show the gift, had been excluded, it will be admitted she was not entitled to recover. It may be, that with all that evidence in, she was not entitled to a verdict, but this we need not and do not decide.

If the piano was originally purchased by Mrs. McBee and paid for by her out of her money, and was not bought and paid for by Mr. McBee with his money, and Mrs. McBee made no valid gift of it to the plaintiff, and the title remained in her until the time of her death intestate, and there was no administration on her estate,

[Moore *et al.* v. Walker.]

the husband, as directed by the statutes of Alabama, would have been entitled to one half of it absolutely (Code 1886, § 2353), and her children,—the plaintiff and her sister, Pearl,—to the other half.—Code 1886, § 1915. In such case, the plaintiff would not be entitled to sue for the property, since it is well settled that one joint tenant or tenant in common cannot maintain trover against his co-owner for a thing still in his possession, for the possession of one is the possession of both. It is only when one tenant in common has destroyed, sold or otherwise disposed of the thing in common, so as to exclude the right of the other, that the other may bring trover.—*Perminter v. Kelly,* 18 Ala. 716; *Allen v. Harper,* 26 Ala. 686; *Williams v. Nolen,* 34 Ala. 167; *Russell v. Russell,* 62 Ala. 48. To prevent the devolution of this property under the statute, the plaintiff by her own testimony sought to prove, that the property did not belong to her mother at the date of her death, but belonged to her, the plaintiff, by virtue of an alleged gift of it by her mother to her. The direct effect of this evidence was to take the right to the property from the estate of her mother and place it in herself.

The Code (section 1794) provides, that "no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by the deceased person whose estate is interested in the result of the suit or proceeding." It is true, the personal representative of the mother is not a party to this suit, but the husband and daughter, Pearl, the successors in interest of the mother are the virtual defendants. The force of the statute cannot be avoided by bringing the suit against one who has no personal interest in the property as here, although he may have temporary possession of it, as a mere naked bailee. *Stuckey v. Bellah,* 41 Ala. 700; *Goodlett v. Kelly,* 74 Ala. 218; *Miller v. Cameron,* 84 Ala. 63. "Mutuality in its operation is the policy and purpose of the statute. Its provisions exclude the living from testifying to any transaction between himself and the dead, in all cases where the effect of the evidence is to diminish the rights of the deceased, or those claiming under him, and where

the presumption exists that the dead, if living, could explain, qualify or contradict."—*Hodges v. Denny*, 86 Ala. 228. So in *Boykin v. Smith*, 65 Ala. 294, strikingly similar in its essential features with the one in hand, it was said: "The policy of the exception (in the statute) is the exclusion of the parties in interest, from testifying to transactions with, or statements by a deceased person, when the purpose of the evidence is to diminish the rights of the deceased, or those claiming in succession to him." That case was ejectment by one of several heirs at law, against the grantee of another heir, and it was held that the defendant's grantor, was not competent to testify that the deceased ancestor gave him the land and promised to make him a title to it; that though the witness was not a nominal party to the record, he was within the spirit of the prohibitory clause of the statute against one testifying in his own interest.

To maintain trover, the plaintiff must have property in himself, and a right to the possession at the time of the conversion, and must recover on the strength of his own title.—*Corbitt v. Reynolds*, 68 Ala. 378; *Booker v. Jones*, 55 Ala. 266; 26 Am. & Eng. Ency. Law, 744.

It is very clear, the plaintiff was incompetent to testify to the transaction of the gift by her deceased mother to her, and that without this evidence, she can never recover. It is unnecessary therefore, to notice other assignments of error.

Reversed and remanded.