ORMAN v. NORTH ALABAMA DEVELOPMENT CO., Limited.

(Circuit Court, N. D. Alabama, N. D.   September 28, 1892.)

Nos. 1,569 and 1,570.

ASSUMPSIT—WHEN MAINTAINABLE

A purchaser of land situated in Alabama executed his two notes or obligations for the deferred purchase money. The notes contained a condition, which, after reciting the execution of a mortgage on the land, provided that in case of foreclosure the purchaser should be personally liable only for the proceeds of the sale, and that such proceeds should be a cancellation of the notes. The land was thereafter sold, and in the deed of conveyance the grantee covenanted to assume the payment of the notes as part of the purchase price. *Held*, that an action in assumpsit for money had and received could be maintained against the grantee on the contract for the payment of the mortgage.

At Law. Action in assumpsit by William A. Orman against the North Alabama Development Company, Limited. Motion to dismiss an attachment. Denied.

Statement by BRUCE, District Judge:

The facts of this case are that about the 4th day of April, 1890, the plaintiff, William A. Orman, sold certain lands, containing about 1,223 acres, in Franklin county, Ala., to Alfred Parrish, for which Parrish paid him one third of the price, $7,245.22, and executed his two notes or obligations to Orman for $7,245.22, each for the deferred purchase money, dated May 12, 1890, and payable on the 4th days of April, 1891 and 1892, respectively, with interest from April 4, 1890. On June 18, 1890, Alfred Parrish sold to the defendant, the North Alabama Development Company, Limited, the same land he bought from Orman; and in the deed it is stipulated and covenanted by the grantee, with Parrish, that the North Alabama Development Company, Limited, shall assume and pay, as a part of the purchase money of its purchase from him, the two notes or obligations above named, of Parrish to Orman. The obligations of Parrish to Orman contained a condition by which, after reciting that he had executed a mortgage to Orman on certain lands in Franklin county, Ala., it is provided that, if said mortgage had to be foreclosed, Parrish should be personally liable only for the proceeds of such sale, and no more, and that the proceeds of such sale should be a cancellation of the notes.

The present suits were begun in the state circuit court of Franklin county, by attachment, as against a nonresident, and were removed by the defendant to the federal courts. The present hearing is on a rule to show cause why the attachment should not be dissolved.

Geo. C. Almon and W. I. Bullock, for plaintiff.
Thos. R. Roulhac and Jo. H. Nathan, for defendant.

BRUCE, District Judge, (after stating the facts.) There are two points, only, which seem to require remark on the disposition of the motion in this cause. This action is upon a written contract or assumption of payment of a mortgage by a grantee in a deed of real estate. The complaint has in it also the common counts, one of which is for money had and received by the defendant for the use of the plaintiff.

It is said to be a rudimentary principle that a party may sue on a promise made, on a sufficient consideration, for his use and benefit, though it be made to another, and not to himself. There can be no question here as to the consideration; for that was a part of the purchase money of land sold and conveyed to the defendant development company, which it, by the acceptance of the deed, obligated itself to pay, and the bringing of the suit by the plaintiff brought the parties into privity, if it may be said there was no privity of contract existing before that time. Now, can such a suit be maintained, under the law of Alabama? It is said in Insurance Co. v. Tunstall, 72 Ala. 142, that assumpsit for money had and received is essentially an equitable action; and in King v. Martin, 67 Ala. 182, the court says:

"This action, which was an action in assumpsit for money had and received, in its spirit and purpose, is likened to a bill in equity, and is an exceedingly liberal action, and will always lie, where a defendant has in his hands money which, ex aequo et bono, he ought to refund to plaintiff."

It may be said, and is argued, that this is one of the exceptions to the rule pointed out by the supreme court of the United States in the case of Keller v. Ashford, 133 U. S. 621, 10 Sup. Ct. Rep. 494; but it seems to me the rule itself has been relaxed in Alabama, so that this suit may be maintained.

That the defendant company is estopped from denying the validity

of the debt sued on, seems clear. Pratt v. Nixon, 91 Ala. 192, 8 South. Rep. 751, and authorities there cited. And the defendant does not take issue on this proposition, but contends that under the law of Alabama the plaintiff's right to sue, in a case like this, is in equity, only, and not at law. His proposition is that there are or may be equities to settle between the plaintiff, Orman, and Parrish, the mortgagor, which can only be done in a court of equity; that the contract sued on is to pay Parrish's notes to Orman; that these notes have in them a condition—

"That, should said lands have to be sold under the mortgage, then I am only liable under this note to the amount of the proceeds of such sale, and no more."

It is insisted that this means that Parrish was not to be held personally liable for anything on these notes, but the property alone should stand for the unpaid purchase money. There may be a question whether Orman did not have the option to pursue his remedy upon the notes, and not seek a foreclosure of the mortgage; but, however that may be, it is not correct to say that the defendant assumed the payment of Parrish's debt, with all the conditions attached to it. The defendant assumed and obligated itself to pay the mortgage, which represented the unpaid purchase money due upon the land; and, when it accepted the deed from Parrish, the debt it assumed became, and is, its debt and its obligation, not simply that of Parrish. True, the notes are set out in the complaint, but the suit is not on the notes, and they merely serve to show the amount of the debt assumed by the defendant company.

On the question of the attachment, the cause seems to be within the provision of the attachment law, and the motion to dismiss the attachment is denied.