# Neilson *v.* Slade.

*Trover for Conversion of Corn, Cotton, &c.*

1. *Transfer of claim in suit.* — In trover for the conversion of personal property, the transfer by the plaintiff, pending the suit, of " the claim upon which the suit is founded," is no defence to the action.

2. *Tenancy in common; conversion.* — When crops produced on land are to be divided between landlord and tenant, or between employer and laborers, the parties are tenants in common; the possession of one is the possession of the other, and a sale of the entire property by the party actually in possession is a conversion for which the other may maintain trover.

APPEAL from the Circuit Court of Tuscaloosa.
Tried before the Hon. WM. S. MUDD.

HARGROVE & LEWIS, for appellant.

SOMERVILLE & MCEACHIN and N. HARRIS, *contra.*

B. F. SAFFOLD, J. — The action is trover, by the appellee against the appellant, for the conversion of an undivided half interest in some corn, fodder, and cotton. The appellee having rented some land from Moody, either sublet it to some laborers, or contracted with them for its cultivation. They were to pay him some money, and the crops produced were to be equally divided, one moiety to him, and the other to them. Before the expiration of the year of leasing, the appellant bought from Moody and from the laborers their respective contracts with the appellee. Disagreeing about their relative rights and duties, and the former being garnisheed as the debtor of the latter, or as having property of his in possession, he took exclusive control of the crops, and sold the entire interest in them.

1. His defence, that since the commencement of the suit the plaintiff had sold his interest in the property alleged to have been converted, was subject to the demurrer. The title, which by its passage to another defeats the plaintiff's right of recovery, is such as he has no authority to sell. His vendee acquires only his right, which the suit was intended to vindicate. *Wilkerson* v. *McDougald*, June Term, 1872.

2. There was no error in the charge that the parties were tenants in common of the products of the land. Unity of possession is the distinguishing feature of a tenancy in common. It is immaterial in this case whether the relation of landlord and tenant also existed. The gist of the case, and the point upon which all of the other assignments of error are based, is, whether the plaintiff had such possession, or right of possession, as entitled him to sue. The defendant's possession was that of the plaintiff also. He certainly had no right to sell the entire interest under his contract with Moody, or with the laborers, or on account of the garnishment. His sale was, therefore, a conversion. *Williams* v. *Nolen*, 34 Ala. 167 ; *Perminter* v. *Kelley*, 18 Ala. 716.

The judgment is affirmed.