JUDGMENT ACCORDINGLY.

THE other judges concur.

---

ARTHUR PERRY AND HENRY JOHNSON, PLAINTIFFS IN ERROR, v. JOHN GRANGER, DEFENDANT IN ERROR.

1. **Tenant in Common:** CHATTELS. Where a joint owner of personal property assumes without authority to sell the interest of his co-tenant, the latter may repudiate the sale and sue for the conversion of the property, or he may ratify it and sue for his share of the money received.

2. ———: ———. If one tenant in common of a chattel, without authority sell it, an action for conversion by his co-tenant will lie against him.

ERROR to the district court for Saunders county. Tried below before TIFFANY, J., sitting for POST, J.

*Bell & Sornborger,* for plaintiffs in error.

*J. R. & H. Gilkeson,* for defendant in error.

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiffs, for the conversion of certain personal property. The cause of action is stated in the petition as follows:

" That on and prior to the 25th day of October, 1884, this plaintiff and S. Scott Case were the owners of, and in the possession of, the following described personal property,

to-wit: Two jacks and seven jennets; that said plaintiff and said Case each owned an undivided half interest in said property; that on or about the 15th day of November, 1885, the interest of said S. Scott Case was sold on an execution, and said Case since said sale had no interest therein; that said defendants took possession of said property on or about the first day of March, 1885, and claim to be the owners of the whole of said property, and have taken the same from the possession of the plaintiff; that said plaintiff has demanded possession of said property and demanded his interest therein; but defendants refused to deliver said property to the said plaintiff, or to recognize his right in and to the possession, and claim and exercise ownership over the whole of said property, and deny that the said plaintiff has any right or interest to the same." The value of the property was alleged to be $1,400.

The defendants below (plaintiffs in error) in their answer allege that they purchased said property for a valuable consideration without notice of plaintiff's claim.

On the trial of the cause the jury returned a verdict of $400 in favor of Granger, and a motion for a new trial having been overruled judgment was entered on the verdict.

A large number of errors are assigned, which in view of the nature of the evidence need not be considered in detail.

The undisputed testimony shows that in January, 1883, John Granger purchased of one S. S. Case a half interest in the property in question for the sum of $600, and that he has never sold his interest in such property. It also shows that Granger was absent from Saunders county, where the property was kept, from October, 1884, until March, 1885. About the 15th day of November, 1884, one-half interest of the property in question was sold under legal process against S. S. Case to one Smith. Smith took entire possession of the property, and about the first of March, 1885, sold, or attempted to sell, the entire interest in said property to the plaintiffs in error for "$700 in trade." To

this point there is no conflict in the testimony. Granger swears positively that he demanded his interest in the property from the plaintiffs in error, which they deny. Mr. Perry, however, does not make an unequivocal denial. His testimony is : "I heard Mr. Granger's testimony and the testimony of the other witnesses about a conversation with me at our barn. He made no such demand, and no such conversation took place. He was never there but once; the three Grangers and Mr. Gilkeson were there at that time * * * as we started out of the gate, this gentleman with gray whiskers remarked that there would be trouble about them (the property in question), and that was all there was said. I made no reply to that." From his own testimony it is apparent that he knew that Granger claimed a half interest in the property ; but notwithstanding this knowledge, on the 9th day of April, 1885, he sold the entire property and the same was transferred to another county.

The rule is, that where a joint owner of personal property assumes without authority to sell the interest of the other owner, such owner may repudiate the sale and sue for the conversion of the property, or he may ratify it and sue for his share of the money received. *Small v. Robinson*, 9 Hun, 419.

Tenants in common are not like partners; the latter may dispose of chattels by virtue of an implied authority to sell without being liable for a tort, whilst the former can not dispose of them without violating the right of his co-tenant. For an unauthorized sale, therefore, of a chattel, an action of trover will lie by one tenant in common against another. *Wilson v. Reed*, 3 Johns., 175. *Hyde v. Stone*, 9 Cow., 230. *Gilbert v. Dickerson*, 7 Wend., 449. *Mumford v. McKay*, 8 Wend., 442. *Dyckman v. Valiente*, 42 N. Y., 549. *Weld v. Oliver*, 21 Pick., 559. *White v. Brooks*, 43 N. H., 402. *Neilson v. Slade*, 49 Ala., 253. *Courts v. Happle*, 49 Ala., 254. *Green v. Edick*, 66 Barb., 564. *Wheeler v. Wheeler*, 33 Me., 347.

Under the testimony the verdict is the only one that should have been rendered, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.