## FRED REEVES v. HENRY NYE.

### [FILED JANUARY 28, 1890.]

1. **Statute of Limitations:** ACCOUNT STATED. An action was brought by A against B upon an account for threshing grain in the years 1879, 1881, 1882. The action was brought in 1884, the summons served on the defendant being dated March 22 of the latter year. *Held,* That as more than four years had elapsed the item for threshing in 1879 was barred by the statute of limitations.

2. ————: CONVERSION. In May, 1879, B loaned to A a boar of a valuable variety of swine upon a contract to return the same in ten or fifteen days, and pay a certain consideration for his use. A did not return the animal as he had promised, and in June following B requested that the animal be returned, which was not done, and A afterwards castrated and sold the animal. *Held,* That while B could·waive the tort and set up his damages as a set-off to an action on contract, yet that the statute of limitations began to run from the time of the demand for a return of the animal in June, 1879.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*Robertson & Campbell,* and *H. C. Brome,* for plaintiff in error, cited: *Stickney v. Smith,* 5 Minn., 390; *Morish v. Mountain,* 22 Id., 564; *Harrison v. Baker,* 15 Neb., 43; *Hall v. Strode,* 19 Id., 673; *Howard v. Ritchie,* 9 Kan., 102; 1 Addison, Torts, 496; 6 Wait's Act. & Def., 146.

*Allen, Robinson & Reed, contra,* cited: Code, sec. 12; *Reizenstein v. Marquardt,* 75 Ia., 294; 39 N. W. Rep., 506.

MAXWELL, J.

The plaintiff brought an action against the defendant before a justice of the peace upon an account as follows: ·

Henry Nye to Fred Reeves, Dr.

| | | |
|---|---|---|
| Fall of 1879, to threshing 296 bushels of wheat, at 4 cents | $11 | 84 |
| Fall of 1879, to threshing 250 bushels of oats at 2 cents | 5 | 00 |
| Fall of 1881, setting machine | 5 | 00 |
| Fall of 1882, threshing 104 bushels of wheat, at 4 cents | 4 | 66 |
| Fall of 1882, threshing 338 bushels of oats, at 2½ cents | 8 | 45 |
| | $34 | 95 |

The summons issued by the justice and served on the defendant is dated March 22, 1884.

The defendant filed a bill of his set-off as follows:

1881.

| | | |
|---|---|---|
| Sept., '81, ten pigs at $2.00 each | $20 | 00 |
| Sept., '81, work and labor | 11 | 55 |
| Sept., '81, one boar pig | 25 | 00 |
| Sept., '81, damage in retaining same | 20 | 00 |

The aggregate of the items of set-off is claimed to be $76.50.

On the trial before the justice judgment was rendered in favor of the plaintiff, from which the defendant appealed.

On the trial in the district court a verdict for a small amount was returned in favor of the defendant and judgment rendered thereon. A motion for a new trial and also a petition for a new trial were filed in the district court, and overruled, to which exceptions were duly taken, and the overruling of the same is now assigned for error.

Both parties plead the statute of limitations as to the part of the claim of the adverse party, and it is clear from the undisputed testimony that the plaintiff's account for threshing in 1879 is barred, and the jury should have been so instructed.

The principal controversy is in regard to the defendant's principal items of set-off.

The defendant testifies as follows:

Q. You may state whether in September, 1881, you were the owner of a boar pig or hog.

A. It was not in 1881.

Q. When was it?

A. In 1879.

Q. You may state to the jury what the description of the hog was, what his character was.

A. I had à Chester white full-blood hog in 1879. In May, 1879, Mr. Reeves came to me to get the use of that hog, and he came three times before I let the hog go; he was large and the weather was a little warm, and it was somewheres close to two miles off, and I told him to fetch his sows over and leave the hog at home. He came one day I am not certain, it was in May, I was working on corn ground getting ready for planting, it was wet and kind of cool, and I said to him, If you will take the hog and use him, and fetch him back in ten or fifteen days and give me one pig from each sow you can take him in that way. He and a little boy that he had took the hog and drove him home. Well, after this time had expired, I cannot say exactly, somewhere along about the last of June of the same year, I met him and asked him why he did not fetch my hog back. I don't know what comment he made—he intended to fetch him back. That is the last I ever saw of the hog.

He also testifies that the hog was of the value of twenty dollars.

The plaintiff testifies that the defendant made no demand on him for the hog at the time stated or any time; that he purchased the animal of a third party, and he introduced testimony tending to show that the defendant, about the time the plaintiff procured the animal in question, had sold the same to the person from whom the plaintiff claims to have purchased it. The plaintiff also testifies that some

time after he had procured the hog—when does not appear, he castrated him and afterwards fattened him and sold him.

The question therefore arises as to what time the statute of limitations began to run against the defendant's claim.

In a case of this kind the party injured has a choice of remedies. He may allege the contract under which the property was delivered and recover damages for a breach thereof, or he may bring his action in tort on the ground of neglect of duty. The reason for this distinction is very clearly stated by Littledale, J., in *Burnett v. Lynch,* 5 Barn. & Cress, 609, as follows: " Where there is an express promise, and a legal obligation results from it, then the plaintiff's cause of action is most accurately described in *assumpsit,* in which the promise is stated as the gist of the action. But where, from a given state of facts, the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there, although *assumpsit* may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach." (*Perry v. Granger,* 21 Neb., 579; Swan's Pl. & Prac., 48–9; Maxw., Pl. & Prac. [4th Ed.], 34.)

In this case the defendant, if his testimony is to be believed, elected to bring his action on a breach of the contract, and hence the statute began to run when the contract was broken, viz., in June, 1879, and an action on the claim at the bringing of this suit was barred. (*Howell v. Young,* 5 Barn. & Cress., 259; *Rankin v. Woodworth,* 3 Penn. [P. & W.], 48; *Smith v. Fox,* 6 Hare, 386; *Battley v. Faulkner* 3 Barn. & Ald., 288; Ang. on Lim., sec. 137.)

This feature of the case was not presented to the jury by proper instructions.

But even if the cross action had been for the conversion,

still it would have been barred, as the statute began to run when the first demand was made by the defendant for a return of the property, and he thereafter held the same wrongfully. (*East India Co. v. Paul*, 1 Eng. Law and Eq., 44.)

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.