O. DOOLEY ET AL. V. C. O. MEESE ET AL.

[FILED FEBRUARY 24, 1891.]

1. Schools: CHANGE OF DISTRICT BOUNDARIES: NOTICE. Under subdivision 1, section 4, chap. 79, Compiled Statutes, where a petition is presented to the county superintendent for a change in the boundaries of two school districts, it is indispensable that three notices, containing an exact statement of the proposed change and the time when the petition will be presented to the county superintendent, be posted in three public places, one of which places shall be upon the outer door of the school house, if there be one, in each district affected, at least ten days prior to the time the petition is to be presented to the county superintendent.

2. ——: ——: ——: PROOF OF POSTING. The affidavit of proof of posting such notices should state where each of the three were posted and the day of posting the same; and in a direct proceeding attacking the jurisdiction of the superintendent in the premises it is not sufficient to state that they were posted in three public places ten days before the presentation of the petition, but the time and place of posting must appear.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

*S. H. Sornborger*, for plaintiff in error, cited: *Briggs v. Murdock*, 13 Pick. [Mass.], 316; *Houghton v. Davenport*, 23 Id., 237; *Dunn v. Rodgers*, 43 Ill., 260; *Morris v. Trustees*, 15 Id., 269; *Kitchen v. Reinsky*, 42 Mo., 427; *Moore v. Purple*, 3 Gilm. [Ill.], 149; *Malone v. Samuel*, 13 Am. Dec., 174.

*Geo. I. Wright, contra*, cited: *Cowles v. Sch. Dist.*, 23 Neb., 655; *Ratcliff v. Faris*, 6 Id., 544; *Sioux City R. Co. v. Wash. Co.*, 3 Id., 41; *Robinson v. Mathwick*, 5 Id., 255; *State, ex rel. Sims, v. Otoe Co.*, 6 Id., 134; *Howard v. Dakota Co.*, 25 Id., 229; *Doody v. Vaughn*, 7 Id., 31; Wells, Jurisdiction, secs. 40, 41, 43, 409, 418; Cooley, Torts, 417,

418, 419; *Gentle v. Board,* 40 N. W. Rep., 928; *Coulter v. Inspectors,* 59 Mich., 391; *Neilson v. Wakefield,* 43 Id., 434; *Prescott v. Patterson,* 44 Id., 525; *Blodgett v. Highway Com'rs,* 47 Id., 469; *Goss v. Highway Com'rs,* 63 Id., 608; *Steen v. Norton,* 45 Wis., 412–19; *Ruhland v. Supervisors,* 55 Wis., 668.

MAXWELL, J.

This action had its origin in a petition by D. C. Miller and others of school district No. 16, and Levi Keiser and others of school district No. 41, both of Saunders county, to the county superintendent of public instruction of said county praying for the changing of the boundary line between said districts so that sections 13, 14, and 15 of township 13, range 8, of said county should be attached to district No. 41, instead of, as formerly, to district No. 16, which petitions were filed February 6, 1888.

Petitions were made from each district, and indorsed on each petition appears a list of all the voters of the district, verified in the following form (as to district No. 16):

"B. F. Fuller, a resident of district No. 16, being duly sworn, affirms that the following named persons are all the legal voters in district No. 16, Saunders county, Neb., as he verily believes.

"(Signed)                    B. F. FULLER.

"Signed and sworn to before me this 6th day of January, 1888.

"[SEAL.]        SAM B. HALL, *Notary Public.*"

A similar verification is made by Levi Keiser, as to district No. 41, before the county superintendent.

By these verified list of legal voters it appears that there were, in district 16, 56 legal voters, and in district 41, 78 legal voters. Of the 56 voters in district 16, 25 signed the petition; of the 78 voters in district 41, 49 signed the petition.

A remonstrance from each district against the proposed change was filed with the county superintendent at the same time as the petitions, that of district No. 16, containing 29 names, and that of district No. 41, containing 17 names. Thus, of the 56 voters of district No. 16, 25 appear on the petition and 29 on the remonstrance, in all 54, two taking no part. Of the 78 voters in district No. 41, 49 appear on the petition and 17 on the remonstrance, in all 66, 12 taking no part.

Appended to the above petitions are the following affidavits as to the service of the notice of making the application (as to district No. 16):

"STATE OF NEBRASKA,  } ss.
"SAUNDERS COUNTY.      }

"D. C. Miller, a resident of school district No. 16, being duly sworn, affirms that proper legal notice of the above petition has been given in said district No. 16.

"(Signed)                          D. C. MILLER.

"Signed and sworn to before me this 6th day of February, 1888.

"[SEAL.]                          O. DOOLEY,

"*Co. Supt.*

As to district No. 41, a similar form of affidavit was sworn to by Levi Keiser, before the same officer, under date of January 31, 1888. The sufficiency of these affidavits to show the giving of the notice required by the statutes was questioned by the defendants in error. The petitions and remonstrances having been submitted to the county superintendent of public instruction, upon consideration of the same he found for the petitioners, and entered an order changing the boundary line as prayed.

It appears that oral objection was made to the sufficiency of the service of notice at the time of hearing, which was overruled. Afterwards there was attached to said petition an amended return or affidavit of service of notice, in the words following (as to district No. 16):

"STATE OF NEBRASKA, ⎫ ss.
 "SAUNDERS COUNTY.  ⎰

"I, D. C. Miller, a resident of school district No. 16, of Saunders county, Nebraska, being duly sworn, depose and say, that a notice of the petition hereto attached and marked 'Exhibit B,' containing an exact statement of what change in district boundaries is hereby proposed, and when the petition is to be presented to the county superintendent, has been posted in three public places in said district No. 16, one of which was posted upon the outer door of the school house of district No. 16 ten days or more prior to the time of presenting this petition to the county superintendent.

"(Signed)              DAVID C. MILLER.

"Signed and sworn to before me this 14th day of Dec., 1888.

"[SEAL.]                L. E. GRUVER,
                   "*Clerk of the Dist. Court.*"

A similar affidavit was at the same time filed as to service of notice in district No. 41, verified by Levi Keiser.

Section 4, chapter 79, of Compiled Statutes provides that "New districts may be formed from other organized districts, and boundaries of existing districts may be changed under the following conditions only:

"First—The county superintendent shall have discretionary power to create a new district from other organized districts, upon a petition signed by one-third of the legal voters in each district affected.

"Second—The county superintendent shall have discretionary power to change the boundary of any district, upon petitions signed by one-half of the legal voters in each district affected.

"Third—The county superintendent shall not refuse to change the boundary line of any district, or to organize a new district, when he shall be asked to do so by a petition from each school district affected, signed by two-thirds of

all the legal voters in such district. A notice of said petition, containing an exact statement of what changes in district boundaries are proposed, and when the petition is to be presented to the county superintendent, shall be posted in three public places, one of which shall be upon the outer door of the school house, if there be one, in each district affected, at least ten days prior to the time of presenting the petition to the county superintendent; *Provided*, That changes affecting cities shall be made upon the petition of the board of education of the district or districts affected.
\*        \*        \*        \*        \*        \*        \*        \*

"Fifth—A list or lists of all the legal voters in each district affected, made under the oath of a resident of each district affected, together with an oath of a resident of each district that the legal notice provided in the third clause of this section has been properly posted, shall be given to the county superintendent when the petition is presented."

The two last affidavits seem to have been made and filed more than nine months after the hearing of the case by the county superintendent; but even if we consider them as having been filed before the hearing before the county superintendent, still they are insufficient.

It will be observed that to some extent the affidavits follow the language of the statute and allege that the notices were posted in three public places, etc., at least ten days prior to the time of presenting the petition. There is no statement at what places, excepting on the door of the school house, the notices were posted nor the time of posting the same. These are material facts which should be stated, and the evidence should be before the county superintendent before he proceeds to act upon the petitions.

In controversies in regard to the boundaries of school districts, where it is sought to change the same, it must appear that the preliminary steps were taken not only by

the presentation of the proper petitions, but by notice of the time and place of presenting the same. These notices should be placed in public places within each district to be affected, and if not so posted the proceedings will be invalid. The design of the notices is to give publicity to the proposed change so that all parties interested may appear in favor of or to oppose such change.

This is a direct attack upon the authority of the county superintendent to make the change in the boundaries of the district upon the notices heretofore set out. The court below held that such notices were insufficient, and in this we think there is no error. The judgment of the district court is

AFFIRMED.

THE other judges concur.