BENJAMIN F. MIZER v. THOMAS EMIGH.

FILED DECEMBER 18, 1901.    No. 10,684.

1. **Account: STATUTE OF LIMITATIONS.** An action on an account is barred in four years.

2. ———: ———: JUDGMENT: TOLLING. A payment made on an account by a person other than the debtor, without his authority, knowledge and consent, will not toll the running of the statute of limitations.

ERROR from the district court for Webster county. Tried below before BEALL, J. *Affirmed.*

*George R. Chaney,* for plaintiff in error.

*J. M. Chaffin, contra.*

NORVAL, C. J.

This was an action on an account. The statute of limitations was interposed as a defense, which was sustained by the court below, and judgment rendered for the defendant. It is conceded by plaintiff that the action is barred, unless the statute was tolled by the payment of $7, made,

and credit therefor given, on October 28, 1895. The undisputed evidence discloses that the payment was made by one Cutter, who was indebted in that sum to the defendant, and the payment was so made without Emigh's knowledge or consent. After the date of the payment defendant was advised by Cutter of the transaction, and the evidence adduced by Emigh tends to show that he did not ratify the payment made by Cutter. An action on an account is barred in four years. *Reeves v. Nye*, 28 Nebr., 571. A payment made on an account by a person other than a debtor, without the knowledge and consent of the latter, will not toll the running of the statute of limitations. This action being barred, the judgment must be

AFFIRMED.