IN RE PETITION OF E. A. ROSE ET AL.

SCHOOL DISTRICT NO. 11 ET AL., APPELLEES, V. J. O. COPPLE, APPELLANT.

FILED DECEMBER 10, 1910. No. 16,561.

School Districts: CONSOLIDATION: RIGHT TO CONTEST. A person who owns taxable property within the territorial limits of a school district, but who is not a legal voter therein, has no such interest in the matter of the consolidation of that district with an adjoining one as authorizes him to contest the annexation proceedings either at the original hearing before the county superintendent or upon a review of the same by the district court.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Moodie & Burke, Thomas L. Sloan* and *Herman Freese,* for appellant.

*H. L. Keefe* and *E. D. Wigton, contra.*

LETTON, J.

On June 27, 1908, the petitions of J. J. Elkins and others and E. A. Rose and others, legal voters of school districts Nos. 11 and 12 of Thurston county, were filed with the county superintendent, praying that the territory belonging to school district No. 12 be added to school district No. 11, and school district No. 12 discontinued. Accompanying the petitions were affidavits that on the 16th day of June,

1908, notices were posted in three of the most public places in each of the school districts that the petitions would on the 27th day of June, 1908, be presented to the county superintendent at his office in Pender. At the time specified in the notices a hearing was had before the county superintendent. Objections were filed by J. O. Copple to the consolidation. His objections recited that he was "a resident taxpayer of school district No. 12," and in substance were that the district would be too large to allow the children school privileges, that the petitions are not signed by one-half the legal voters; that a number were induced to sign the petition by fraud and misrepresentation; that no notice was given as required by law, and no proof of notice is on file before the county superintendent. There was also filed an affidavit by Mr. Copple to the effect that "he is a landowner and a taxpayer of district No. 12;" that he did not learn of the hearing in time to prepare his showing, and asking that he be given a reasonable time to prepare his evidence.

After a hearing the county superintendent found that the legal requirements had been met, and "that no sufficient objections and protest had been filed against said petition." He consolidated the districts as prayed. A transcript of the proceedings and a petition in error were filed in the district court for Thurston county. The consolidated district appeared and filed a motion to dismiss the petition in error. This motion was sustained, for the reason, as the record recites, "that petitioner J. O. Copple is, and at all times since the filing of the proceeding herein has been, a resident of Bancroft, Nebraska, and not a resident or elector of any of the school districts involved in this action, and has no interest in this action." The petition in error was dismissed.

Both the county superintendent and the district court apparently found from the evidence that Copple was not a resident or elector of either school district, and that he had no interest in the matter. The evidence is not before us, but it is not contended in this court that Copple is a resi-

dent or voter in the districts. It is conceded that he is a taxpayer in school district No. 12. The question that is presented is whether a person who is not a legal voter in the district has any standing or any right to appear either before the county superintendent or the district court to make objections to a proposed consolidation. It is con-tended that a taxpayer has such an interest, and therefore has a right to appear.

The statute governing the matter .(Comp. St. 1909, ch. 79, subd. I, sec. 4; Ann. St. 1909, sec. 11503) reads: *"Fourth.* * * * One district may be discontinued and its territory attached to other adjoining districts, upon petition signed by one-half of the legal voters in each dis-trict affected. *Fifth.* A list or lists of all the legal voters in each district * * * affected, made under the oath of a resident of each district * * * affected, together with an oath of a resident of each district, * * * that the legal notice provided for in the third clause of this section has been properly posted, shall be given the county superintendent when the petition is presented. By legal voters herein is meant all who are legal voters at an elec-tion for school district officers."

In *Dooley v. Meese,* 31 Neb. 424, which was a direct at-tack upon the authority of the county superintendent, it was held that, before the county superintendent proceeds to act upon such petitions, evidence should be before him showing at what places the notices were posted and the time of posting the same, and it was held that the county superintendent should not have acted in the absence of more definite proof of the time and place of the posting of the notices. The only proof before the county superin-tendent in that case at the time he acted was an affidavit to the effect "that proper legal notice" had been given, which stated no facts and was clearly a conclusion. Judge MAXWELL said in the opinion: "This is a direct attack upon the authority of the county superintendent to make the change in the boundaries of the district upon the notices heretofore set out. The court below held that

such notices were insufficient, and in this we think there is no error."

The proceedings were clearly irregular and subject to review by direct attack. But proceedings may be vulnerable to a direct attack by persons who are qualified and competent parties, and yet not absolutely void. The matter of the annexation and discontinuance of districts is wisely committed by the statute to the discretion of the legal voters and the county superintendent. They are presumably much better fitted to determine the proper adjustment of school facilities to local conditions than any nonresident, however much property he may own in the district. It is the children of residents whose welfare is affected. In *Cowles v. School District*, 23 Neb. 655, which was an action brought by a school district to restrain the county superintendent from changing its boundaries, it was held that the school district as a corporation could not maintain such an action, and in the opinion it is said: "The laws of this state, as well by policy as by letter, have left the control of the boundaries of school districts, primarily, with the legal voters of each district respectively." We find no statute authorizing a nonresident taxpayer to appear in these proceedings.

The district court committed no error in sustaining the motion to dismiss on the ground that the plaintiff in error had no litigable interest in the matter, and its judgment is therefore

AFFIRMED.