L. R. PROUDFIT, APPELLEE, v. SCHOOL DISTRICT No. 49 ET AL., APPELLANTS.

FILED NOVEMBER 13, 1922. No. 22380.

Schools and School Districts: CHANGE OF BOUNDARIES: NOTICE. In a proceeding under section 6703, Rev. St. 1913, to change the boundaries of existing school districts, before the county superintendent has jurisdiction to make the change, "a notice of the petition, containing an exact statement of what changes in district bound-

aries are proposed, and when the petition is to be presented to the county superintendent, shall be posted * * * at least ten days prior to the time of presenting the petition to the county superintendent," and, when in a direct attack upon the proceedings the record fails to show that the notice posted designated the date when the petition would be presented, the order made will be held void for want of jurisdiction.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. C. Alexander* and *J. A. Donohoe,* for appellants.

*Williams & Kryger, contra.*

Heard before MORRISSEY, C. J., LETTON, ALDRICH and DAY, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

This is an appeal from the judgment of the district court for Antelope county wherein a joint order of the county superintendent of Antelope county and the county superintendent of Holt changing the boundary lines of certain school districts in a proceeding had under the provisions of section 6703, Rev. St. 1913, was set aside and decreed to be void.

Two school districts are involved, namely, school district No. 49 of Antelope county, which comprises the school district of the village of Orchard, and the rural school district lying adjacent thereto and comprising territory partially in Antelope county and partially in Holt county. That part of the district lying in Antelope county is designated as district No. 90 of Antelope county, while that part of the territory lying in Holt county is designated as school district No. 90½ of Holt county. The purpose of the proceeding was to detach territory from the rural district and attach it to the village school district No. 49 of Antelope county.

The controlling question is that of jurisdiction. An affidavit of one Fletcher was filed with the county superintendent of Antelope county in the following language, to

wit.: "I, J. T. Fletcher, a legal voter of school district No. 49, county of Antelope, solemnly swear that notices of the above petition, containing an exact statement of what changes in the district boundaries are hereby proposed, and when the petition is to be presented to the county superintendent, were posted in three of the most public places in said district; one of said notices was posted upon the outer door of the schoolhouse in said district on the 27th day of January, 1921; one in the lobby of the post office in Orchard, within the district aforesaid, on the 27th day of January, 1921; and one on the bandstand situated on the north side of Second street in the village of Orchard, within said district, on the 27th day of January, 1921, being ten days prior to the time of presenting this petition to the county superintendent."

There was also filed with the county superintendent of Antelope county the affidavit of one Wilson, a legal voter of school district No. 90, in substantially the same form as the affidavit of Fletcher, except only that it fixed the date of posting the notice as January 24, 1921. Attached to the transcript now before us is a copy of the proceedings had before the county superintendent of Holt county. The affidavit as to posting notice in that county is in the same form as the affidavit heretofore set out and fixed the date of posting as January 24, 1921. The petition appears to have been presented February 5, 1921.

The court found that the county superintendent was without jurisdiction to make the order for the change of boundaries "for want of jurisdiction to act, on account of failure of proof of posting notice of the time of presenting petition by voters of school district No. 49, to show that such notice was posted ten days prior to the presenting of said petition."

Because of this finding by the trial court, appellants reason that the only defect in the record is what is claimed to be a clerical error in inserting the date of posting in the affidavit which states that the notice was posted in district No. 49, January 27, 1921. It is claimed that the

true date was January 24, 1921, as shown by the affidavit of Wilson as to district No. 90, and the affidavit filed with the county superintendent of Holt county; that the order appealed from is a joint order made by the two superintendents, and that the affidavit filed before the county superintendent of Holt county must be held to correct any defect or error in the affidavit filed with the county superintendent of Antelope county. It may be doubted if the transcript of the proceedings had before the superintendent of Holt county is properly before the court, but we deem it unnecessary to consider that phase of the question.

Subdivision 3, sec. 6703, Rev. St. 1913, under which the proceedings were had provides: "A notice of the petition, containing an exact statement of what changes in district boundaries are proposed, and *when* the petition is to be presented to the county superintendent, shall be posted * * * at least ten days prior to the time of presenting the petition to the county superintendent." The posting of this notice is jurisdictional. Until this provision of the statute was complied with the county superintendent had no power to change the boundaries of the several school districts. It is claimed by appellant that the notice fixed February 5, 1921, as the date when the petition would be presented, that the notices were posted January 24, 1921, and that the ten days' notice was in fact given. No copy of the notice appears in the record. The affidavit states that it contained the information as to "when" it would be presented, but it does not say what date was fixed. The transcript of the proceedings does not purport to give the date that was fixed. All jurisdictional facts should appear on the face of the record. This being a direct attack upon the proceedings, all steps necessary to confer jurisdiction on the superintendent must be shown to have been taken. *Dooley v. Meese,* 31 Neb. 424.

There is no reversible error in the judgment of the district court, and it is

AFFIRMED.