ROBERT FENSKE, APPELLANT, V. ERNEST A. STRAIT ET AL., APPELLEES.

FILED MAY 8, 1931. No. 27728.

*M. F. Harrington* and *Fred S. Berry,* for appellant.

*C. H. Hendrickson* and *H. E. Siman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Robert Fenske appeals from a judgment of the district court denying his petition to be discharged from guardianship over his person and property. The record is meager, but it indicates that the county court had denied his petition and he had appealed.

The petitioner was put under guardianship on April 29, 1924, under the provisions of article 3, ch. 38, Comp. St. 1929. The basis for the guardianship was his excessive drinking, under the terms of section 38-302, Comp. St. 1929. In his petition, filed in the district court on July 1, 1929, Fenske set out that he had not used any intoxicating liquors since February 12, 1929, and only a nominal amount prior to that date, and that he "is an absolutely sober, temperate man, and * * * is entirely thru with the use of intoxicating liquors for all time, * * * is a man of sound mind and memory and is entitled to manage his own property and to be discharged from all management or control herein." The prayer was that the guardian be removed and the property in the hands of the guardian be turned over to petitioner.

The trial to the district court was had on June 27, 1930. Twenty-two witnesses testified. At the close of the evidence the court found for the guardian, denied the application and dismissed the action.

It is elementary that the burden is on one who pleads the existence of a material fact as the basis of his action

to prove that fact. The petitioner was under guardianship by virtue of the judgment of a competent court. That judgment had never been appealed from. To avoid the continuance of its operation the petitioner alleged that he now had complete dominion over his appetite for intoxicating liquor and could safely be restored to legal dominion over his person and property of which the judgment of guardianship deprived him. This was a question of fact and the burden was on the petitioner, who alleged it, to prove it.

We have read the evidence. To abstract it and set it forth here would do no good. We are of the opinion that it falls far short of proof, by a preponderence of the evidence, that the ward has permanently ceased to use intoxicating liquor to excess. We doubt that it would be a wise and proper use of judicial discretion to release him from the guardianship. The district court saw and heard the applicant and all the other witnesses and came to the same conclusion on this question of fact. The judgment of the district court is right and is

AFFIRMED.