J. B. PANKAU, APPELLANT, V. LAWRENCE BOYER, APPELLEE.

3 N. W. (2d) 634

FILED APRIL 24, 1942. No. 31332.

*A. J. Kinnersley* and *Chauncey E. Barney*, for appellant.

*F. E. Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is an action commenced by plaintiff, "J. B. Pankau, M. D.," a regular, duly admitted physician and surgeon of Cheyenne county, Nebraska, on December 18, 1939, in the county court of Morrill county, Nebraska, against the defendant, Lawrence Boyer, for the sum of $173.76. It was for services rendered and medicines furnished by plaintiff for the defendant and his family at their special instance and request between the 10th day of August, 1929, and the 19th day of December, 1935. A true and correct copy of said account showing debits and credits was attached to said petition, marked exhibit A, and made a part thereof, and it was also filed as part of the petition on appeal in the district court. Exhibit A reads as follows:

"Statement

"A. L. Boyer        ) Dr.        J. B. Pankau, M.D.    Cr.
Lawrence Boyer    )

| Date | | Paid | Charge |
|---|---|---|---|
| 8-11-29 | Son | | $49.50 |
| 2-16-32 | Leslie | | 23.00 |
| 2-19-32 | Leslie | | 2.00 |
| 2-20-32 | Leslie | | 1.50 |
| 2-22-32 | Leslie | | 1.50 |
| 2-25-32 | Leslie | | 1.50 |
| 2-27-32 | Leslie | | 1.50 |
| 2-29-32 | Leslie | | 1.50 |

| Date | | | |
|---|---|---|---|
| 3- 2-32 | Leslie | | 1.50 |
| 3- 5-32 | Leslie | | 1.50 |
| 3- 9-32 | Leslie | | 1.50 |
| 3-14-32 | Self (Lawrence Boyer) | | 10.00 |
| 3-24-33 | Self (Lawrence Boyer) | | 2.75 |
| 5-28-33 | Self " " | 10.00 | |
| 8- 1-33 | Leslie | | 2.75 |
| 9-13-33 | Leslie | | 1.75 |
| 10-20-33 | Self (Lawrence Boyer) | 1.50 | 2.50 |
| 10-23-33 | Self " " | 1.50 | 1.50 |
| 11- 1-33 | Leslie | | 5.75 |
| 11- 6-33 | Leslie | | 1.00 |
| 12- 6-33 | Leslie | | 1.50 |
| 1-19-34 | Leslie | | .65 |
| 1-26-34 | Leslie | | .65 |
| 2- 5-34 | Leslie | | 13.00 |
| 2- 6-34 | Leslie | | 1.00 |
| 7-29-34 | Mrs. Boyer | | 12.00 |
| 8- 3-34 | " " | | 1.50 |
| 8- 8-34 | " " | | 2.00 |
| 9- 8-34 | " " | | 1.00 |
| 9-14-34 | " " | | 1.75 |
| 9-22-34 | " " | | 1.50 |
| 10- 1-34 | " " | | 1.00 |
| 10- 9-34 | " " | | 1.00 |
| 10-25-34 | " " | | 1.00 |
| 11- 7-34 | " " | 5.00 | 1.75 |
| 11-26-34 | " " | | 1.50 |
| 12- 7-34 | " " | | 10.00 |
| 12-10-34 | " " | | .35 |
| 3-15-35 | | 9.50 | |
| 12-18-35 | " " | | 1.00 |
| | | $27.50 | $178.65 |
| 12-18-35 | Balance Due | | $151.15 |
| 12-18-39 | Interest at 6% on $151.15 from | | |
| | 5-18-36 | | 32.49 |
| | Total | | $183.64" |

To this petition defendant filed an answer which denied "each and every allegation in said petition set forth not hereinafter expressly admitted." Further, the answer admitted the item of 12-18-35 and offered to pay the same; and pleaded the 4-year statute of limitations (Comp. St. 1929, sec. 20-206) as to all items of charges and credits shown on exhibit A except the single item, the validity of which was admitted. To this answer plaintiff replied by a general denial. The cause was thereafter determined "upon the stipulation of the parties waiving trial to a jury and for trial of the said case to the court on the pleadings." The district court denied a recovery and held the bar of the statute of limitations prevented recovery on all items of plaintiff's claim save and except the last one, for which amount it entered judgment. Plaintiff alone appeals.

As a question determinable by the pleadings alone, it is obvious that the controlling principle is: "An action on an account is barred in four years." *Mizer v. Emigh,* 63 Neb. 245, 88 N. W. 479. And it seems that the performance of services by plaintiff referred to in his itemized account as "12-18-35, Mrs. Boyer, $1.00" was wholly ineffective to extend the period of limitations as to the previous items in such account. As to them the bar of the statute was complete upon the expiration of four years after "3-15-35," the date of the last payment thereon. *Reeves v. Nye,* 28 Neb. 571, 44 N. W. 736; *Mizer v. Emigh, supra.*

It follows that the judgment of the district court was in all respects correct, and it is

AFFIRMED.