HERMAN E. FAIRCHILD, APPELLANT, V. FAIRCHILD CLAY PRODUCTS COMPANY, APPELLEE.

3 N. W. (2d) 581

FILED APRIL 24, 1942. No. 31316.

*Perry, Van Pelt & Marti, Arthur E. Perry* and *Ralph R. Perry,* for appellant.

*Denney & Denney, contra.*

Heard before Simmons, C. J., Rose, Eberly, Carter, Messmore and Yeager, JJ.

Yeager, J.

This is an action by Herman E. Fairchild, plaintiff and appellant, against the Fairchild Clay Products Company, a corporation, defendant and appellee. The action is on a contract of employment appearing in the minutes of the defendant company, and is for services as president of the company for the period beginning March 19, 1932, and ending January 31, 1936. The case was tried to a jury and verdict was returned in favor of the defendant. Judgment was entered on the verdict. Motion for new trial was made which was overruled. From this judgment the plaintiff has appealed.

The plaintiff set forth in his petition, as amended, that at a meeting of the board of directors held on or about March 15, 1929, plaintiff was awarded by resolution a salary of $125 a month as president of the defendant company and that he served as president, and at the salary of $125 a month from March 15, 1929, to and including January 31, 1936. He further says that he received his full salary to and including March 18, 1932, but that from March 18, 1932, to and including January 31, 1936, he only received the sum of $1,795.39, leaving due and owing the sum of $4,004.61. For this last amount plaintiff prayed judgment.

The defendant filed a general denial and further answering denied that plaintiff was duly and legally elected president and allowed a salary as set forth in the petition. It pleaded further that the salary claimed was barred by the statute of limitations; that plaintiff voluntarily reduced his salary to the amounts received by him, and that he accepted the sum he received as full payment for his services; that plaintiff made no claim for salary until there was a change of stockholders and until after there was a new management, and that thereby plaintiff is estopped to claim a greater amount of salary than that which he received.

For reply the plaintiff generally denied the allegations contained in the answer, and further alleged that on account

of the depression he allowed his salary to accumulate, that the parties considered his salary as an account current and that the defendant is estopped to plead the statute of limitations.

On the issues thus tendered the case was tried with the results indicated.

As grounds for reversal the plaintiff has assigned many errors, but after an examination of the entire record we find it unnecessary to discuss all of them.

Plaintiff first complains of instruction No. 2 given by the court on its own motion. The instruction is as follows:

"You are instructed that the evidence in this case shows that during the period in issue in this action, the plaintiff was the president of the defendant corporation, that he performed the duties of that office, and that the payment of a salary of $125 per month was authorized.

"You are further instructed that in order to establish his right to recover in this action, the burden is on the plaintiff to prove, by a preponderance of the evidence, the following:

"1. That he has not been paid in full for that service.

"2. The amount due him.

"If you find that the plaintiff has sustained the burden of proof as above set forth, then your verdict will be in favor of the plaintiff for the amount which you find is due to him, together with interest thereon at the rate of six per cent. per annum from the 1st day of November, 1938."

Plaintiff insists that this instruction improperly imposes the burden of showing nonpayment on the plaintiff, his theory being that the defendant has pleaded payment and therefore the burden was on the defendant to sustain that burden. This contention cannot be upheld, since examination discloses that payment was not pleaded by the defendant. The defendant pleaded only a substituted arrangement or contract, the statute of limitations, and a voluntary reduction of salary by plaintiff under circumstances which estopped him to assert a claim for an unpaid portion thereof against the defendant company. Under the issues plaintiff was required in the first instance to prove his contract and failure

of performance by the defendant. The failure of performance alleged was failure to pay in accordance with the terms of the contract. If the giving of the instruction had been error, as claimed, it would have been without prejudice, since the subject of this burden was stipulated anyway. The instruction embodied a correct application of the rule with regard to the burden of proof. The correct rule is that, when a party affirmatively pleads a fact which is material to the issue, he thereby assumes the burden of proving the existence of such fact. *Pierce v. Miller,* 107 Neb. 851, 187 N. W. 105; *Fenske v. Strait,* 121 Neb. 177, 236 N. W. 441; *Gutzmer v. Nelsen,* 121 Neb. 214, 236 N. W. 614; *Cohen v. Swanson Petroleum Co.,* 133 Neb. 581, 276 N. W. 190.

Attention is now directed to instruction No. 4 which is as follows:

"You are instructed that if you find from a preponderance of the evidence that notwithstanding the employment of the plaintiff and the fixing of his salary at $125 per month, the plaintiff, in consideration of business conditions, the financial condition of the defendant, or for the purpose of contributing to the continuance of his own employment by the defendant or for any other purpose beneficial to himself, did, of his own accord, reduce the amount of his salary and did accept the sums actually paid to him from month to month in full satisfaction of any claim for services, and that from all the facts and circumstances as shown by the evidence, the defendant was justified in believing that the plaintiff was so accepting the sums he actually received, then the plaintiff cannot recover in this action.

"On the other hand, if you find that the plaintiff merely refrained from taking his full salary from month to month without any intention on his part to waive the balance and without any basis or justification in the facts and circumstances to justify the defendant in believing that the plaintiff was accepting the sum actually received in full satisfaction of his salary then the plaintiff is not barred from recovering herein as otherwise stated in these instructions."

This instruction embodies the affirmative defense that

there was a voluntary reduction of salary and an estoppel to assert a claim for unpaid balance and, of course, assumes the existence in the record of evidence supporting this defense. A careful examination of the bill of exceptions discloses no such evidence either direct or circumstantial. The only evidence on the subject is that offered by the plaintiff, which is to the effect that he merely refrained from taking his full salary from month to month without any intention on his part to waive the balance, and without any basis or justification in the facts and circumstances to justify the defendant in believing that the plaintiff was accepting the sum in satisfaction of his salary.

Under the evidence, or rather lack of evidence, plaintiff insists that it was error to submit this defense to the jury. On the other hand, the defendant urges that the evidence was sufficient for submission. Both parties cite in support of their respective contentions the case of *Home Fire Ins. Co. v. Barber*, 67 Neb. 644, 93 N. W. 1024. As pointed out in that case, the salary of Barber was fixed for a period of years, and after the expiration of the fixed period he reduced his own salary under the following circumstances as set out in the opinion (p. 677) : "Here, while there was no action by the corporation expressly, the court has found that from the time Barber as general manager reduced his own salary, along with the salaries of other employees, to the time he ceased to be an officer of the company, he drew his salary from time to time substantially on the basis of the reduction; and the evidence is clear and convincing that he took the money withdrawn in full satisfaction of his claim for salary, and had no thought of claiming more until his right to withdraw the $2,200 was challenged after the new management took charge." No such evidence appears here. Again in the same opinion the following appears (p. 676) : "Undoubtedly, as a general rule, when parties have contracted for performance of certain services for a definite period at a fixed salary, and the employment continues beyond the period agreed upon, in the absence of any new contract, it will be presumed that the employment continued

under the same contract and upon the terms originally fixed.
* * * But this presumption must yield to evidence showing a
change of terms. * * * It may be conceded that it would take
two to make the new agreement, and that a mere intention
on the part of Barber to accept a less sum, or even an express
statement by him that he would accept the less sum, would
not of itself bind him so to do." In the case here there was
no change of terms to which the presumption of continued
employment upon the terms originally fixed was required to
yield, and there was no evidence of intention or expressed
statement that plaintiff would accept less than $125 a month
for his service. There is nothing in this which would oper-
ate to estop or prevent plaintiff from making demand and
maintaining action at law to recover the balance of unpaid
salary.

It therefore follows that, there having been no evidence
adduced to support the allegation that the plaintiff had vol-
untarily reduced his salary, this defense was erroneously
submitted to the jury.

The next complaint is as to instruction No. 5 given by the
court on its own motion, and the refusal of instruction No. 1
requested by the plaintiff. These instructions relate to the
defense of the statute of limitations.

For an understanding of the question presented, a review
of certain facts is necessary. From a date prior to March
15, 1929, to and including January 31, 1936, the plaintiff
was president and manager of the defendant company, and
as such gave all of his time to the company's business. On
March 15, 1929, by resolution of the board of directors,
plaintiff's salary was increased from *$100 to $125 a month*.
No further action was taken by the board of directors until
after January 31, 1936. Until March 18, 1932, plaintiff
drew his salary of $125 a month. Thereafter and up to Jan-
uary 31, 1936, plaintiff drew a total of $1,795.39. The
amounts were irregular and the withdrawals were also ir-
regular over the entire period. The matter was never dis-
cussed by plaintiff and any one connected with the company.
There is no evidence of any agreement in relation thereto.

The checks for salary withdrawals were ordered and signed by plaintiff as president of the company. No record was kept of salary paid or payable to plaintiff except of the salary withdrawals actually made. The plaintiff did not remain in charge of the company after January 31, 1936. He did not make claim for unpaid salary until about February 15, 1938. The petition for recovery of unpaid salary was filed on November 1, 1938, and on the same day service of process was had on the defendant company.

On these facts plaintiff contends that it was error for the court to give instruction No. 5, and that it was also error to refuse to give instruction No. 1 requested by the plaintiff.

The contention with reference to instruction No. 5 is clearly correct. The contention with reference to instruction No. 1 requested by plaintiff is incorrect. There was no evidence which justified in any wise the submission of the defense of the statute of limitations to the jury.

The rule applicable here is this, that where there is a continuing contract of employment with no time fixed for termination and no time fixed for payment, and there is no substantial lapse in continuity of employment, any payment of salary, in the absence of a contrary intent, will be presumed to be payment upon the accumulated delinquent and unpaid salary. *Blair v. Estate of Willman,* 105 Neb. 735, 181 N. W. 615; *Phifer v. Estate of Phifer,* 112 Neb. 327, 199 N. W. 511. See, also, *Ebersole v. Omaha Nat. Bank,* 71 Neb. 778, 99 N. W. 664; *Bosler v. McShane,* 78 Neb. 86, 110 N. W. 726; *In re Estate of Holloway,* 89 Neb. 403, 131 N. W. 606; *In re Estate of Skade,* 135 Neb. 712, 283 N. W. 851. There is no competent evidence of a contrary intent in the bill of exceptions.

In support of its position, the defendant cites, among others, the case of *Reeves v. Nye,* 28 Neb. 571, 44 N. W. 736. The action there was for threshing in three separate years. The first year was separated by two years from the second. It was held that the claim for the first year was barred by the statute of limitations. There was clearly no continuity of employment. The other cases cited do not come into conflict with the holding in the case at bar.

For the reasons herein set forth, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.