IN RE APPLICATION OF HAROLD H. EVERTS ET AL.
HAROLD H. EVERTS ET AL., APPELLEES, v. SCHOOL DISTRICT
No. 16, FILLMORE COUNTY, NEBRASKA, APPELLANT.
IN RE APPLICATION OF HERMAN A. EVERTS ET AL.
HERMAN A. EVERTS ET AL., APPELLEES, v. SCHOOL DISTRICT
No. 16, FILLMORE COUNTY, NEBRASKA, APPELLANT.
121 N. W. 2d 487

Filed May 10, 1963. Nos. 35400, 35403.

John A. Bottorf, for appellant.

Robert L. Walker, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

Harold H. Everts and Dorothy L. Everts, husband and wife, Herman A. Everts and Margaret Frances Everts, husband and wife, freeholders, filed petitions with the county superintendent, county clerk, and county treasurer of Fillmore County, hereinafter called the board, seeking, under section 79-403, R. S. Supp., 1961, to have certain lands owned by the freeholders or petitioners, hereinafter referred to as petitioners, set off from the Grafton school district No. 16, Fillmore County, and attached to the Geneva school district No. 75, Fillmore County. At a public hearing held before the board on August 1, 1962, members of the board of education of school district No. 16 appeared and contested the right of the petitioners to obtain such a change of territory and have their lands attached to school district No. 75. The board granted the petitioners' request to have their lands set off from school district No. 16, in which school district the lands were situated, and attached to school district No. 75. The school board of school district No. 16 appealed to the district court from the order of the board above mentioned. The petitioners elected to present the issue on appeal to the district court on the original freeholders' petitions for the change of school district boundaries filed before the board heretofore mentioned.

The school board of school district No. 16 filed an answer to the petitions of the freeholders denying all allegations therein contained. This answer alleged other matter not material to a determination of this appeal.

The trial court found that the land was owned by the petitioners and was located in a school district adjoining the school district to which it was to be attached; that each of the petitioners lived more than 2 miles from each schoolhouse; and that school district No. 75 was

maintaining a school bus route at least one-half mile nearer to each of the petitioners' residences than school district No. 16. The court rendered judgment that the quarter section of land upon which each of the petitioners actually resided and where children of school age lived should be transferred to school district No. 75, and that the unimproved real estate not the residence of children of school age should remain in school district No. 16, and to that extent reversed the decision of the board.

The board of school district No. 16 filed a motion for new trial which was overruled. Upon the overruling of the motion for new trial, the board of school district No. 16 perfected appeal to this court. The board of school district No. 16 is hereinafter referred to as the defendant.

The defendant assigns as error that the judgment of the trial court is not sustained by sufficient evidence and is contrary to law; and that the trial court erred in overruling defendant's motion, made at the close of petitioners' evidence and renewed at the close of all of the evidence, to dismiss the petition of the petitioners and reverse the decision of the board for the reason that there was insufficient evidence upon which to grant jurisdiction to the trial court.

Section 79-403, R. S. Supp., 1961, provides in part: "Any freeholder or freeholders, * * * may file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any land described therein set off from the district in which it is situated and attached to some other district. The petition shall state the reasons for the proposed change and show: (1) That the land therein described is either owned by the petitioner or petitioners * * *; (2) that the land is located in a district that adjoins the district to which it is to be attached; (3) that the territory proposed to be attached has children of school age residing thereon with their parents or guardians; and (4) that

they are each more than two miles from the schoolhouse in their own district, and at least one half mile nearer to the schoolhouse or a school bus route of the adjoining district, which distance shall be measured by the shortest route possible upon section lines or traveled roads open to the public * * *. The petition shall be verified by the oath of the petitioner or petitioners. The board may, after a public hearing on the petition, thereupon change the boundaries of the districts so as to set off the land described in the petition and attach it to such adjoining district as is called for in the petition whenever they deem it just and proper and for the best interest of the petitioner or petitioners so to do. Notice of the filing of the petition and hearing thereon before the board shall be given at least ten days prior to the date of such hearing, by one publication in a legal newspaper of general circulation in such district, and by posting a notice on the outer door of the schoolhouse in each district affected thereby, which notice shall designate the territory to be transferred; * * *."

The transcripts in the two cases here involved show the petitioners' petitions to the board, also the report of the board, and the order of the board changing the boundary lines of school districts Nos. 16 and 75. The supplemental transcripts show the certificate to the county clerk of Fillmore County of the change of school district boundaries signed by the county superintendent of schools of Fillmore County on August 2, 1962; the decision of the board made on August 1, 1962, that the county superintendent shall notify the county clerk, county treasurer, and county assessor of Fillmore County that the described lands set forth in the petition shall be set off from school district No. 16 Fillmore County and attached to school district No. 75, Fillmore County, signed by the county superintendent, county clerk, and county treasurer of Fillmore County; an affidavit of counsel for the petitioners disclosing the mailing of notice of publication which was authorized

on July 23, 1962, and published in the Nebraska Signal on July 19, 1962, sent by United States mail to the president of the board of education and the secretary of the board of education of school district No. 16 in Grafton, and to the petitioners; an affidavit of publication by the bookkeeper for the publisher of the Nebraska Signal, a legal newspaper of general circulation, showing that the legal notice of the hearing on the freeholders' petitions was published in the said newspaper for 1 week, the first publication being on July 19, 1962; a notice of the public hearing to be held by the board August 1, 1962, signed by members of the board; and the freeholders' petitions requesting change of school district boundaries.

In considering this appeal it is necessary to distinguish between a transcript and a bill of exceptions as the same are considered in this jurisdiction.

Section 25-1912, R. S. Supp., 1961, provides in part: "The transcript shall contain the judgment, decree or final order sought to be reversed, vacated or modified, and all other filings made with such clerk (clerk of the district court), unless otherwise ordered by the appellant or appellants by the filing of a praecipe at the time of filing of notice of appeal, * * *."

Section 25-1140, R. S. Supp., 1961, provides in part: "Upon appeal from the district court to the Supreme Court, the party appealing may order a bill of exceptions by filing in the office of the clerk of the district court a praecipe therefor within the time allowed for filing a notice of appeal."

The bill of exceptions is the only vehicle for bringing evidence before the court on appeal. See Sovereign Camp, W. O. W. v. Wiggins, 238 Ala. 424, 191 So. 470.

In O'Brien v. State, 69 Neb. 691, 96 N. W. 649, the court said: "Evidence, as defined by lexicographers and law writers, includes all the means by which, in a judicial trial, it is sought to establish or disprove any material allegation of a civil or criminal pleading. Any

circumstance which affords an inference as to whether the matter alleged is true or false is, therefore, evidence and is commonly understood to be within the meaning of that term." The court further said: "The word 'evidence,' in its technical meaning and common acceptation, includes all the means by which any fact in dispute at a judicial trial is established or disproved."

It will be noted that in accordance with the above, the bill of exceptions contains the evidence adduced at the trial of a cause, and the transcript contains the judgment or decree of the court and other pleadings filed in the cause.

The allegations of a petition require proof by evidence incorporated in the bill of exceptions.

When a party affirmatively pleads a fact which is material to the issue, he thereby assumes the burden of proving the existence of such fact. See, Fairchild v. Fairchild Clay Products Co., 141 Neb. 356, 3 N. W. 2d 581; Fenske v. Strait, 121 Neb. 177, 236 N. W. 441; Cohen v. Swanson Petroleum Co., 133 Neb. 581, 276 N. W. 190.

The burden of proof was upon the petitioners in this case to prove the jurisdictional facts, that is, to prove that the trial court had jurisdiction of the subject matter of the action.

The bill of exceptions in the instant case contains no evidence that section 79-403, R. S. Supp., 1961, was complied with relative to the notice required by the provisions of such statute.

In Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90, this court said: "The doctrine of presumptions in favor of the regularity of proceedings in courts of general jurisdiction does not apply to courts or tribunals of inferior or limited jurisdiction who act in a judicial capacity, but as to such courts or tribunals the facts necessary to confer jurisdiction must affirmatively appear upon the face of the record." See, also, Shambaugh v. Buffalo County, 133 Neb. 46, 274 N. W. 207.

In Proudfit v. School Dist. No. 49, 109 Neb. 173, 190 N. W. 874, this court said: "The posting of this notice (speaking of section 6703, Rev. St. 1913, relating to the changing of boundaries of school districts and requiring notice to be posted, somewhat analogous to the requirements. of notice as provided by section 79-403, R. S. Supp., 1961) is jurisdictional. Until this provision of the statute was complied with the county superintendent had no power to change the boundaries of the several school districts. * * * No copy of the notice appears in the record. * * * All jurisdictional facts should appear on the face of the record."

While the court did not differentiate between the transcript and the bill of exceptions, it is obvious the court meant the proof of notice required by the statute did not appear in the bill of exceptions, and in order to be considered it must be part of the proof and be incorporated in the bill of exceptions.

In the instant case the defendant objected to the jurisdiction of the court in its motion to dismiss the action at the conclusion of the petitioners' evidence and at the conclusion of all of the evidence. The failure of the petitioners to furnish proof of jurisdictional requirements was again presented to the trial court in defendant's motion for new trial, and is assigned as error in this court.

The petitioners contend that an uncontroverted finding by a court of limited or special jurisdiction that notices were posted and published as required by statute is sufficient proof of those facts to confer jurisdiction upon the district court where want of jurisdiction does not appear on the face of the record, citing Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599, and State ex rel. Draper v. Freese, 147 Neb. 147, 22 N. W. 2d 556. Suffice it is to say that proof of notices required by statute in the two above-cited cases was incorporated in the bills of exceptions

and was considered by this court as evidence of such notices.

An affidavit used as evidence in the trial court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. See, Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124; Harder v. Harder, 162 Neb. 433, 76 N. W. 2d 260.

The affidavit of proof of publication of notice in the instant case, or the affidavit of counsel for petitioners relating to the mailing of notice of publication sent to the president of the defendant school board, the secretary thereof, and the petitioners heretofore mentioned, were not offered in evidence in the trial court, preserved in and made a part of the bill of exceptions in this case. Therefore, this court is in no position to consider such affidavits under the above-cited authorities.

We have refrained from summarizing the evidence due to the fact that the trial court did not have jurisdiction of the subject matter of these actions. The defendant's motion or motions above mentioned should have been sustained by the trial court.

For the reasons given in this opinion, the judgment of the trial court is reversed and the cause remanded with directions to dismiss the petitioners' petitions.

REVERSED AND REMANDED WITH DIRECTIONS.