H. B. WELLNITZ, APPELLANT, v. EVERETT MUCK, APPELLEE.

152 N. W. 2d 1

Filed June 30, 1967. No. 36500.

Edmund Hollstein, for appellant.

Anderson & Smith, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The question is whether a 4-year statute of limitations barred recovery on an unsettled account except the latest item, a debit. Plaintiff, a farm implement dealer, commenced this action on August 4, 1965, to recover a principal balance of $5,505.84 for repairs and sales. At the close of his evidence-in-chief the district court directed a $5.04 verdict for him on the latest item. It ruled that the claim was otherwise unenforceable.

The account, which covers about 12 years, was inactive at times. Plaintiff's ledger sheet shows 7 intervals of 8 to 19 months between transactions and from December 1953, to March 1958, 7 entries only. The sequence of transactional dates after August 23, 1960, is April 18, June 17, July 15, 24, and 27, and August 5, 1961.

The debit postings identify approximately 84 sales slips: 29 for 1949-1952, 11 for 1953-1957, and 44 for 1958-1961. Almost all the charges were made for labor and spare parts, but 3 arose out of implement sales. Defendant purchased in 1950 a tractor for $1,934.95 payable in definite installments with interest; on March 27, 1951, a disc harrow, grain drill, and set of wheels for $1,017.50; and in 1952 a combine for $4,993.25. To pay the balance on the combine defendant promised in writing to give two promissory notes, interest rate and maturity dates being specified. He failed to perform, and so plaintiff debited the account. The entry, which is dated July 2, 1952, appears between entries in 1954 and 1956.

The credit side of the ledger account has only 9 entries, all dated prior to 1959. Two refer to the tractor sale; one, to repairs; one, to the combine trade-in; and five, to merchandise returned. When defendant returned

merchandise in 1957, he probably received from plaintiff a copy of this memorandum: "Returned bearing * * * and got wants cash back 27.55  Credit acct 27.55 * * * Thanks."

Defendant received no statement of account, but prior to August 1961, plaintiff made several requests for part payment. Plaintiff testified at the trial that he considered the account open. He sketched his understanding in these words: "* * * I was always hoping that he would have a good crop and be able to pay some of his indebtedness. It just seemed * * * that I never did get any settlement out of him."

The latest item of a continuous account removes prior items from the operation of the statute of limitations. Transactions may be independent because of special contracts, long intervals, or other circumstances. The test of continuity is indefinite. See, Lewis v. Hiskey, 166 Neb. 402, 89 N. W. 2d 132; Pankau v. Boyer, 141 Neb. 310, 3 N. W. 2d 634; Reeves v. Nye, 28 Neb. 571, 44 N. W. 736.

The sales of implements to defendant were unrelated to the charges for labor and supplies. The interval of 8 months between items in 1960-1961 is viewed against the background of inactivity. We conclude that the account for the period prior to 1961 lacks continuity; to that extent the district court ruled correctly. The items for 1961, however, were interrelated closely in time and subject matter. The law is not so stringent that the latest item of an account must amalgamate with all or none of its predecessors. The district court erred in ruling that items for 1961 prior to the latest one were unenforceable as a matter of law.

The judgment of items prior to 1961 is affirmed, and on items for 1961 reversed and cause remanded with costs on appeal taxed against defendant.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.